UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, et al.<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>    Defendant. | Civil Action No. 18-0645 (EGS) |

## ANSWER

Defendant, the Office of Management and Budget (OMB), by and through its undersigned counsel, answers the allegation of this case.

### First Defense

Plaintiffs are not entitled to compel the production of records exempt from disclosure by one or more exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C § 552.

### Second Defense

Plaintiffs are not entitled to relief in this Court because Defendant has not improperly withheld information within the meaning of the FOIA.

### Third Defense

Defendant responds to the numbered and unnumbered paragraphs of the Complaint as follows:

# INTRODUCTION[1]

1. The allegations in paragraph 1 describe this action and are conclusions of law to which no response is required.

2.-4. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraphs 2-4.

5. Admit.

6.-8. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraphs 6-8.

9. Defendant admits the first sentence. The remaining portion of paragraph 9 consists of Plaintiffs' characterization of EEOC's announcement, which Defendant respectfully refers the Court to as the best evidence of its contents.

10.-11. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraphs 10-11.

12. The first two sentences of paragraph 12 consists of Plaintiffs' characterization of the memorandum from Neomi Rao, which Defendant respectfully refers the Court to as the best evidence of its contents. The remaining allegations contained in this paragraph are immaterial and impertinent to this action and, therefore, no response is required.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

13.-14.  The allegations contained in paragraphs 13-14 are immaterial and impertinent to this action and no response is required, except to admit that the Lawyers' Committee for Civil Rights and the National Women's Law Center are Plaintiffs in this case.

15.-16.  Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraphs 15-16.

17.     Admit.

## JURISDICTION AND VENUE

18.     The allegations in paragraph 18, regarding the Court's subject-matter jurisdiction, are conclusions of law to which no response is required.

19.     The allegations in paragraph 19, regarding the legal authority for venue, are conclusions of law to which no response is required.

## PLAINTIFFS FOIA REQUESTS

20.     Admit.

21.     Defendant admits that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OMB. The remaining allegations in this paragraph consist of Plaintiffs' summary of the FOIA request it submitted to OMB. Defendant respectfully refers the Court to the FOIA request that OMB received for a true and complete statement of its contents. To the extent Plaintiffs' summary of their FOIA request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

22.     Defendant admits that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OMB. The remaining allegations in this paragraph consist of Plaintiffs' summary of the FOIA request it submitted to OMB. Defendant respectfully refers the Court to the FOIA request

that OMB received for a true and complete statement of its contents. To the extent Plaintiffs' summary of their FOIA request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

23. Defendant admits that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OMB. The remaining allegations in this paragraph consist of Plaintiffs' summary of the FOIA request it submitted to OMB. Defendant respectfully refers the Court to the FOIA request that OMB received for a true and complete statement of its contents. To the extent Plaintiffs' summary of their FOIA request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

24. Defendant admits that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OMB. The remaining allegations in this paragraph consist of Plaintiffs' summary of the FOIA request it submitted to OMB. Defendant respectfully refers the Court to the FOIA request that OMB received for a true and complete statement of its contents. To the extent Plaintiffs' summary of their FOIA request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

25. Defendant admits that Plaintiffs submitted a Freedom of Information Act (FOIA) request to OMB. The remaining allegations in this paragraph consist of Plaintiffs' summary of the FOIA request it submitted to OMB. Defendant respectfully refers the Court to the FOIA request that OMB received for a true and complete statement of its contents. To the extent Plaintiffs' summary of their FOIA request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

**PLAINTIFF'S FEE WAIVER REQUESTS**

26. Defendant admits that Plaintiffs submitted a fee waiver request with their FOIA requests described above. Defendant respectfully refers the Court to the FOIA requests that OMB received for a true and complete statement of the fee waiver request. To the extent Plaintiffs' summary of their fee waiver request is inconsistent with its contents, Defendant denies the remaining allegations in this paragraph.

27.-28. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraphs 27-28.

**OMB'S FAILURE TO RESPOND**

29.-30. Admit.

31. Defendant admits only that it has not responded to Plaintiffs' requests. The remaining allegations contained in paragraph 31 are argumentative, immaterial and impertinent to this action and, therefore, no response is required.

32. Admit.

**COUNT I – VIOLATION OF FOIA FOR FILAURE TO RESPOND AND PRODUCE RESPONSIVE DOCUMENTS**

33. Defendant restates its responses to paragraphs 1-32 of the Complaint.

34. The allegations in paragraph 34 are conclusions of law to which no response is required.

35.-36. The allegations in paragraphs 35-36 are denied.

37. The allegations in paragraph 37 are conclusions of law to which no response is required.

## COUNT II – VIOLATION OF FOIA FOR FAILURE TO GRANT PUBLIC INTEREST FEE WAIVER REQUEST

38. Defendant restates its responses to paragraphs 1-37 of the Complaint.

39.-41. The allegations in paragraphs 39-41 are conclusions of law to which no response is required.

The remaining unnumbered paragraph constitutes a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

Defendant denies each and every allegation in Plaintiffs' Complaint not expressly admitted or denied herein.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: _____/s/_____
CLAIRE WHITAKER, D.C. Bar #354530
Assistant U.S. Attorney
555 4th Street, N.W., E-416
Washington, D.C. 20530
(202) 252-2526
Claire.Whitaker@usdoj.gov