**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER,

*Plaintiffs*,

v.

OFFICE OF MANAGEMENT AND BUDGET,

*Defendant*.

Civ. A. No. 18-0645 (EGS)

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

JESSIE K. LIU
United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division

DANIEL P. SCHAEFER
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

Dated: September 18, 2019

*Counsel for Defendant*

# TABLE OF CONTENTS

Introduction .......... 1

Factual and Procedural Background .......... 2

A. OMB's Processing of the Five FOIA Requests .......... 2

B. The District Court Proceedings .......... 3

Legal Standards .......... 3

A. Rule 56 .......... 3

B. Summary Judgment in the FOIA Context .......... 4

Argument .......... 4

The Court Should Grant Summary Judgment to OMB on the Exemption 5 Withholdings .......... 4

A. The Deliberative Process Privilege .......... 5

B. Defendant Released All Reasonably Segregable Information. .......... 9

Conclusion .......... 10

# TABLE OF AUTHORITIES

**Cases**

*Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504 (D.C. Cir. 2011) ... 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ... 3

*Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 83 (D.D.C. 2008) ... 4

*Barnard v. DHS*, 598 F. Supp. 2d 1 (D.D.C. 2009) ... 10

*Brayton v. Office of the U.S. Trade, Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ... 4

*Brennan Ctr. for Justice at New York Univ. Sch. of Law v. DOJ*, 697 F.3d 184 (2d Cir. 2012) ... 6

*Carney v. DOJ*, 19 F.3d 807 (2d Cir. 1994) ... 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ... 3

*Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77 (D.D.C. 2007) ... 4

*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854 (D.C. Cir. 1980) ... 5, 6, 8

*Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146 (D.D.C. 2004) ... 9

*Kidd v. DOJ*, 362 F. Supp. 2d 291 (D.D.C. 2005) ... 9

*King v. DOJ*, 830 F.2d 210 (D.C. Cir. 1987) ... 5

*Mapother v. DOJ*, 3 F.3d 1533 (D.C. Cir. 1993) ... 5

*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242 (D.C. Cir. 1977) ... 6, 10

*Media Research Ctr. v. DOJ*,
818 F. Supp. 2d 131 (D.D.C. 2011) ........ 4

*Military Audit Project v. Casey*,
656 F.2d 724 (D.C. Cir. 1981) ........ 4

*Morley v. CIA*,
699 F. Supp. 2d 244 (D.D.C. 2010) ........ 9

*NLRB v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975) ........ 9

*Nuclear Regulatory Comm'n*,
216 F.3d 1180 (D.C. Cir. 2000) ........ 5

*Perry v. Block*,
684 F.2d 121 (D.C. Cir. 1982) ........ 4

*Petrucelli v. DOJ*,
51 F. Supp. 3d 142 (D.D.C. 2014) ........ 5

*SafeCard Servs. v. SEC*,
926 F.2d 1197 (D.C. Cir. 1991) ........ 5

*Shapiro v. CIA*,
247 F. Supp. 3d 53 (D.D.C. 2017) ........ 6

*Tax Analysts v. IRS*,
117 F.3d 607 (D.C. Cir. 1997) ........ 5

*United States v. Nixon*,
418 U.S. 683 (1974) ........ 6

*Vaughn v. Rosen*,
484 F.2d 820 (D.C. Cir. 1973) ........ 5

*Vaughn v. Rosen*,
523 F.2d 1136 (D.C. Cir. 1975) ........ 6

*Willis v. DOJ*,
581 F. Supp. 2d 57 (D.D.C. 2008) ........ 4

*Willis v. FBI*,
Civ. A. No. 17-1959 (KBJ), 2019 WL 2138036 (D.D.C. May 16, 2019) ........ 4

**Statutes**

5 U.S.C. § 552 .......... 1, 4, 5, 6

44 U.S.C. §§ 3501–3521 .......... 7, 8

**Introduction**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Lawyers' Committee for Civil Rights Under Law and National Women's Law Center ("Plaintiffs") filed five FOIA requests with the Office of Management and Budget ("OMB") seeking the disclosure of records relating to OMB's "decision to halt an initiative previously approved by OMB for the collection of pay data from employers by the Equal Employment Opportunity Commission ("EEOC"))." Compl. ¶ 1 (ECF No. 1). At this point, the parties have resolved most of the issues in the case. The only open issue left for the Court to resolve is whether OMB's withholdings under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), pursuant to the deliberative process privilege, are justified. Plaintiff does not challenge the sufficiency of OMB's search for records, the processing of the requests, or any of the withholdings that OMB made in its productions other than the Exemption 5 withholdings. *See* Jt. Status Rpt. at 1-2, July 8, 2019 (ECF No. 25).

Plaintiffs fail to establish the existence of a genuine dispute of material fact concerning OMB's Exemption 5 withholdings in this case. OMB's *Vaughn* Index and supporting declaration from Heather Walsh, Deputy General Counsel in OMB's Office of the General Counsel (attached hereto as Exhibit A) establish that all of the documents that OMB withheld in full or in part under Exemption 5 are exempt from release under the deliberative process privilege. Further, Defendant conducted a segregability analysis and produced all reasonably segregable information. Because OMB fully complied with its obligations under FOIA in responding to Plaintiff's request, Defendant requests that the Court grant this Motion and enter summary judgment in its favor.

## Factual and Procedural Background

### A. OMB's Processing of the Five FOIA Requests

On September 21, 2017, OMB received five FOIA requests from Plaintiffs. Plaintiffs' FOIA requests sought records regarding the decision by OMB's Office of Information and Regulatory Affairs on August 29, 2017, to initiate a review and immediate stay of the EEOC's collection of pay data through its updated EEO-1 form. *See* Walsh Decl. Exs. 1-5 (Ex. A); Mem. from Neomi Rao, Administrator, OMB Office of Information and Regulatory Affairs, Aug. 29, 2019 (Ex. B). OMB designated the requests with the following tracking numbers: 2017-449, 2017-450, 2017-451, 2017-452, and 2017-453. After the Complaint was filed, the parties negotiated search terms, custodians, a date range, and other parameters for the processing of Plaintiffs' five requests.

During the litigation, OMB issued final responses for four out of the five requests. The search parameters for Plaintiffs' "catch-all request" (2017-452) generated a large volume of more than 6,500 potentially responsive records. While OMB's review of responsive records for the catch-all request was still ongoing, Plaintiffs notified OMB in early July that Plaintiffs were waiving their claim of access to the remainder of the records not yet reviewed by OMB. Jt. Status Rpt. at 1-2, July 8, 2019. Rather than wait for OMB to finish reviewing the rest of the records that hit on the search terms for the catch-all request, Plaintiffs wished to proceed to summary judgment briefing to resolve this matter. *Id.* The parties also conferred and agreed that only one issue remained in dispute for resolution at summary judgment, i.e., "the propriety of the Exemption 5 redactions and withholdings made by Defendant for the productions that Defendant has made as of this filing, including those productions already made in response to the 'catch-all' request." *Id.* at 2.

### B. The District Court Proceedings

Plaintiffs filed their Complaint on March 21, 2018. ECF No. 1. Defendant filed its Answer to the Complaint on May 2, 2018. ECF No. 2. After the parties filed their respective pleadings, the parties conferred on search parameters and other processing issues. OMB began processing the five requests and issuing interim productions. The parties filed a series of joint status reports while OMB was continuing to process the requests and release responsive records.

In addition, OMB produced draft *Vaughn* indices to Plaintiff on June 21, 2019, for the documents with withholdings for the four requests for which OMB's responses were already complete as of that date. The production of the draft *Vaughn* indices and the parties' meet and confer discussions allowed the parties to narrow the issues in dispute to OMB's withholdings under FOIA Exemption 5.

## Legal Standards

### A. Rule 56

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. ("Rule") 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is up to the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue" in dispute. *Id.*

### B. Summary Judgment in the FOIA Context

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Willis v. FBI*, Civ. A. No. 17-1959 (KBJ), 2019 WL 2138036 (D.D.C. May 16, 2019), at *4 (disputes arising from an agency's response to a FOIA request "typically and appropriately are decided on motions for summary judgment") (citation omitted); *Media Research Ctr. v. DOJ*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) (same).

At summary judgment in a FOIA case, the Court conducts a *de novo* review of the record. An agency bears the burden of proving that it has complied with its obligations under FOIA. 5 U.S.C. § 552(a)(4)(B); *Willis*, 2019 WL 2138036, at *4-5; *In Def. of Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 83, 92-93 (D.D.C. 2008). The district court must analyze all underlying facts and inferences in the light most favorable to the requester. *Willis v. DOJ*, 581 F. Supp. 2d 57, 65 (D.D.C. 2008). If the Court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## Argument

### The Court Should Grant Summary Judgment to OMB on the Exemption 5 Withholdings

"The Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). The defendant agency bears the burden of

sustaining its action of withholding records. 5 U.S.C. § 552(a)(4)(B); *Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000).

The most commonly used device for an agency to satisfy its burden is a *Vaughn* index. "[The *Vaughn* Index's purpose is] 'to permit adequate adversary testing of the agency's claimed right to an exemption' and enable 'the District Court to make a rational decision whether the withheld material must be produced without actually viewing the documents themselves, as well as to produce a record that will render the District Court's decision capable of meaningful review on appeal.'" *King v. DOJ*, 830 F.2d 210 (D.C. Cir. 1987) (quoting *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973)). "Thus, when an agency seeks to withhold information, it must provide 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant . . . .'" *Id.* "When a *Vaughn* Index meets these criteria, it is "'accorded a presumption of good faith.'" *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994) (quoting *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

### A. The Deliberative Process Privilege

The deliberative process privilege protects pre-decisional, deliberative communications that are part of a process by which agency decisions are made. *Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997); *Mapother v. DOJ*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) ("The deliberative process privilege protects materials that are both predecisional and deliberative"). The privilege "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Congress intended for this exemption "to encourage frank discussion of policy matters, prevent premature disclosure of proposed policies, and avoid public confusion that may result from disclosure of rationales that were not ultimately grounds for agency action." *Petrucelli v.*

*DOJ*, 51 F. Supp. 3d 142, 161 (D.D.C. 2014); *see also Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 256 (D.C. Cir. 1977). "Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decision-making process." *United States v. Nixon*, 418 U.S. 683, 705 (1974).

In order to apply Exemption 5, agencies must first satisfy the threshold requirement – i.e., show that the information protected was "inter-agency or intra-agency." 5 U.S.C. § 552(b)(5). The Walsh Declaration establishes that all of the records that OMB withheld in full or in part under FOIA Exemption 5 contain inter-agency or intra-agency communications. Walsh Decl. ¶ 9. "None of the of the information that OMB withheld under Exemption 5 was shared with anyone outside the Executive Branch." *Id.*

To be "pre-decisional," the withheld information must be antecedent to a final agency decision. In this respect, the agency must show "'what deliberative process is involved, and the role played by the documents at issue in the course of that process[.]'" *Shapiro v. CIA*, 247 F. Supp. 3d 53, 63 (D.D.C. 2017) (citation omitted); *see also Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011).

Information is "deliberative" if it is part of the process in which the agency engaged in an effort to reach a final decision, whether or not any final decision was ever reached. *Shapiro*, 247 F. Supp. 3d at 63 (quoting *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975)) (citation omitted) ("Information is deliberative if 'it makes recommendations or expresses opinions on legal or policy matters.'"); *Coastal States Gas Corp.*, 617 F.2d at 866 (communication is deliberative if "it reflects the give-and-take of the consultative process"); *Brennan Ctr. for*

*Justice at New York Univ. Sch. of Law v. DOJ*, 697 F.3d 184, 194 (2d Cir. 2012) (documents are deliberative when they are "related to the process by which policies are formulated").

Here, the OMB *Vaughn* index and Walsh Declaration establish that the documents, or portions of documents, that it withheld under the deliberative process privilege are both deliberative and pre-decisional. The decision at issue here is OMB's decision on August 29, 2017, to initiate a review and stay of the effectiveness of certain aspects of the EEO-1 form that were revised on September 29, 2016. Walsh Decl. ¶¶ 11-12; Ex. B at 1.[1] The Paperwork Reduction Act ("PRA"), 44 U.S.C. §§ 3501–3521, and the implementing regulations at 5 C.F.R. 1320.l0(f) and (g), authorize "OMB to determine the length of approvals of collections of information and to determine whether collections of information initially meet and continue to meet the standards of the PRA." Ex. B at 1; see also Walsh Decl. ¶ 11. In this context, "OMB may review an approved collection of information if OMB determines that the relevant circumstances related to the collection have changed and/or that the burden estimates provided by EEOC at the time of initial submission were materially in error." Ex. B at 1. In its final decision letter, OMB stated that it had determined that each of those conditions had been met with regard to the aspects of the EEO-1 form that had been revised on September 29, 2016, which included new requests for data on wages and hours worked. *Id.*

The communications at issue here that OMB withheld under the deliberative process privilege contain confidential, intra-agency and inter-agency discussions and deliberations "that informed OMB's internal policy formulation process regarding OMB's final decision on the review of the EEO-1 form." Walsh Decl. ¶ 13. First, the communications that OMB withheld were pre-decisional; they all preceded OMB's final decision on August 29, 2017. *Id.* ¶ 12.

[1] OMB included a copy of the final decision letter in its document production in this case.

Second, the portions of the communications that OMB withheld are also all deliberative in nature, i.e., they contain recommendations, advice, and opinions on legal and policy matters relating to OMB's then-pending decision by OMB on whether to issue a letter initiating a review and stay of the EEO-1 form. *Id.* ¶¶ 12-13. Further, all of the withheld communications were created as part of a decision-making process conducted among staff in OMB or in consultation with other components of the Executive Office of the President and Executive Branch agencies pursuant to authority delegated to OMB by the Paperwork Reduction Act, 44 U.S.C. §§ 3501–3521, over the approval of collection of information by the federal government. *Id.* ¶ 11.

In its productions, OMB also determined to withhold in full under Exemption 5 and the deliberative process privilege a combined total of 23 records. The withheld-in-full records fall into two categories. The first category of records includes "deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion." *See, e.g.*, *Vaughn* Index, Entry No. 57 at 15. These documents are not drafts, but rather communications exchanged between Executive Branch agencies conveying recommendations, advice, and opinions on legal and policy matters relating to OMB's pending decision. These documents, which are representative of the type of inter-agency policy deliberations that take place every day at OMB, are properly withheld as deliberative. *See* Walsh Decl. ¶¶ 11, 15-18; *see also Coastal States Gas Corp.*, 617 F.2d at 866 (deliberative process privilege protects documents that would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which was as yet only a personal position).

The second category of documents withheld in full contain drafts and comments. *See, e.g.*, *Vaughn* Index, Entry No. 51 at 13. "Drafts and comments on drafts are squarely within the

scope of Exemption 5." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 174 (D.D.C. 2004). Accordingly, OMB withheld the drafts as deliberative, both in terms of preparing the document in question, and also in terms of the ongoing decision-making process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. Walsh Decl. ¶¶ 10-11, 14.

Further, OMB properly concluded that disclosing the Agency's inter-agency and intra-agency deliberations would inhibit the frank and candid expression of views and the sharing of information that are essential for OMB to carry out its responsibilities, which would greatly impair the free exchange of information, ideas and analysis within OMB, and between OMB and other agencies in the Executive Branch. Walsh Decl. ¶¶ 13, 15; *see also Morley v. CIA*, 699 F. Supp. 2d 244, 255-56 (D.D.C. 2010) (deliberative process privilege is "intended to prevent chilling future government employees from engaging in frank discussions during the deliberative process"); *Kidd v. DOJ*, 362 F. Supp. 2d 291, 296 (D.D.C. 2005) (protecting documents on basis that disclosure would "inhibit drafters from freely exchanging ideas, language choice, and comments in drafting documents"). As a consequence, disclosure would have an adverse impact on the quality of Executive Branch decision-making on a type of decision that occurs frequently within OMB and, as noted previously, is specifically delegated to the agency in the Paperwork Reduction Act. Walsh Decl. ¶ 15; *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975) (the purpose of the deliberative process privilege is to "prevent injury to the quality of agency decisions"). Thus, OMB has satisfied its burden of establishing that its Exemption 5 withholdings are lawful.

### B. Defendant Released All Reasonably Segregable Information.

"While agencies may properly withhold certain materials under FOIA's enumerated exemptions, they must release 'any reasonably segregable portions' of responsive documents

once they have redacted the exempted information." *Barnard v. DHS*, 598 F. Supp. 2d 1, 25 (D.D.C. 2009) (citing 5 U.S.C. § 552(b)). "The question of segregability is 'subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable.'" *Id.* (quoting *Mead Data Central, Inc.*, 566 F.2d at 261).

OMB's declaration establishes that the Agency conducted a proper segregability analysis on the documents in question. Walsh Decl. ¶¶ 19-20. "OMB carefully assessed whether any factual or otherwise nonexempt information could be segregated and disclosed" and "determined that all nonexempt segregable information has been released." *Id.* ¶ 19. For the documents withheld in full, the records include drafts and intra-agency or inter-agency communications involving economic, legal, and policy issues in which facts are inextricably intertwined with deliberative discussion, opinions, and policy recommendations. *Id.* ¶ 20. For these documents, disclosing any facts and how they are presented would reveal the thought processes of OMB during deliberations. *Id.*

## Conclusion

For all of the foregoing reasons, Defendant requests that the Court grant this Motion and enter summary judgment in its favor.

Dated: September 18, 2019

Respectfully submitted,

JESSIE K. LIU
D.C. Bar 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar 924092
Chief, Civil Division

By: *_/s/ Daniel P. Schaefer_*
DANIEL P. SCHAEFER
D.C. Bar 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*