# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civ. A. No. 18-0645 (EGS) |
| OFFICE OF MANAGEMENT AND BUDGET, | ) ) ) | |
| *Defendant.* | ) ) | |

## DECLARATION OF HEATHER V. WALSH

I, Heather V. Walsh, make the following declaration based on personal knowledge and information provided to me in my official capacity:

1.      I currently serve as the Deputy General Counsel in the Office of Management and Budget's ("OMB") Office of the General Counsel ("OGC"). Previously, I was an Assistant General Counsel in this office, and I have worked in OMB OGC since 2009.

2.      Staff within OMB OGC handle all agency record requests submitted to OMB pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. One of my responsibilities as Deputy General Counsel in OMB OGC is to supervise the staff responsible for the handling of these FOIA requests. Due to the nature of my official duties, I am familiar with the procedures followed by OMB OGC in handling and responding to FOIA requests.

3.      I am aware of OMB's handling of the five FOIA requests at issue in this case, which were submitted to OMB by Plaintiffs on September 20, 2017 (the "Requests"). Plaintiffs' Requests sought records regarding the order by OMB's Office of Information and Regulatory

Affairs initiating an indefinite stay and review of the Equal Employment Opportunity

Commission's ("EEOC") collection of pay data through its updated EEO-1 form. True and

accurate copies of the Requests are attached hereto as Exhibits 1-5. OMB designated these

Requests with case numbers 2017-449, 2017-450, 2017-451, 2017-452, and 2017-453.

4.      The purpose of this declaration is to describe the application of FOIA Exemption 5 to the

documents that OMB produced in response to Plaintiffs' FOIA request. Plaintiffs do not

challenge the sufficiency of the search or OMB's application of FOIA Exemption 6. Therefore,

the parties agreed that OMB's declaration and *Vaughn* index only need to address the Exemption

5 withholdings, as those other issues are no longer in dispute in the case.

## THE APPLICATION OF FOIA EXEMPTION 5

5.      For all productions in this matter for all five Requests, OMB withheld 87 responsive

records in full or in part pursuant to FOIA Exemption 5. Attached hereto as Appendix A is a

*Vaughn* index that explains the basis for these withholdings. I have personally reviewed each of

these documents. The *Vaughn* list and this declaration reflect all documents produced to date,

including OMB's supplemental production correcting redaction inconsistencies sent today.

6.      FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums

or letters that would not be available by law to a party . . . in litigation with the agency . . . ."

5 U.S.C. § 552(b)(5). Exemption 5 imports civil discovery privileges into the FOIA, including

the deliberative process privilege. Exemption 5 has been construed to exempt documents or

information normally privileged in the civil discovery context, and incorporates the attorney

work product, attorney-client, and deliberative process privileges.

## THE DELIBERATIVE PROCESS PRIVILEGE

7.      The deliberative process privilege protects pre-decisional, deliberative communications

that are part of a process by which agency decisions are made. It protects opinions, advice,

evaluations, deliberations, proposals, or recommendations that form part of an agency decision-making process, as well as the selection and sorting of factual information relied upon as part of the decision-making process.

8.      In order to apply Exemption 5, agencies must first satisfy the threshold requirement – i.e., show that the information protected was "inter-agency or intra-agency." Once the threshold is satisfied, agencies must satisfy the elements of the pertinent privilege. With respect to the deliberative process privilege, agencies must show that the withheld information was both pre-decisional – i.e., antecedent to a final agency decision – and deliberative – i.e., part of the process in which the agency engaged in an effort to reach a final decision (whether or not any final decision was ever reached).

9.      For all productions in this matter in total, OMB withheld in full 23 documents and partially redacted information from 64 documents under Exemption 5 pursuant to the deliberative process privilege. *See Vaughn* Index attached at Appendix A. With respect to the threshold requirement of Exemption 5, OMB determined that each of the records that OMB withheld in full or in part under Exemption 5 contained inter-agency or intra-agency communications. None of the information that OMB withheld under Exemption 5 was shared with anyone outside the Executive Branch.

10.      With respect to the remaining elements of the deliberative process privilege, OMB determined that all of the information that OMB withheld was both pre-decisional and deliberative. Specifically, and as explained more fully on a document-by-document basis in the attached *Vaughn* index, the withheld information contains pre-decisional and deliberative communications or draft documents in the process of revision that do not reflect final agency decisions.

11.     These discussions and drafts were all created as part of a decision-making process

conducted among staff in OMB in consultation with other components of the Executive Office of

the President and Executive Branch agencies pursuant to authority delegated to OMB by the

Paperwork Reduction Act, 44 U.S.C. §§ 3501–3521, over the approval of collections of

information by the federal government.  In this case, the collection of information under

consideration was the EEOC's pay-data collection for employers using the EEOC's EEO-1 form.

12.     In particular, the deliberations in the information being withheld concern the then-

pending decision by OMB on whether to issue a letter initiating a review and stay of the EEO-1

form.  This information is pre-decisional because all of the information withheld pre-dated

OMB's final decision on August 29, 2017.

13.     The redacted information reflects confidential discussions and deliberations that informed

OMB's internal policy formulation process regarding OMB's final decision on the review of the

EEO-1 form.  OMB redacted such information from these records to protect frank discussions

from being chilled by the effects of public scrutiny of the deliberative process.

14.     In the case of draft documents that were withheld in full, such documents were withheld

in the process of revision and do not reflect final agency decisions but are part of both a decision-

making process regarding the final composition of such documents, and also the larger decision-

making process regarding OMB's decision whether to issue a review and stay of the EEOC's pay

data collection.

15.     The compelled disclosure of the records and information withheld or redacted due to the

deliberative process privilege would inhibit the frank and candid expression of views and the

sharing of information that are essential for OMB to carry out its responsibilities, and would

greatly impair the free exchange of information, ideas and analysis within OMB, and between

OMB and other agencies in the Executive Branch. As a consequence, disclosure would have an adverse impact on the quality of Executive Branch decision-making on a type of decision that occurs frequently within OMB and, as noted previously, is specifically delegated to OMB in the Paperwork Reduction Act.

16.     The effectiveness of the deliberative process that OMB conducts pursuant to this statute depends on preserving an environment in which Executive Branch officials can explore issues thoroughly and present their views, concerns, and recommendations candidly. The decision-making process regarding approval of data collection is often a lengthy iterative process, where OMB staff gather information from agencies and other sources, consolidate what they have learned, evaluate and analyze the data, and develop policy recommendations. These recommendations are reviewed and potentially revised as more information and viewpoints are accumulated. The documents at issue here, all of which were generated during the above-described decision-making process, contain the deliberations of OMB staff as they considered recommendations and developed options for consideration by OMB's policy officials.

17.     OMB relies on the expertise of other agencies about the details of their respective programs and operations. Without the assurance of confidentiality, such agencies would not provide OMB the type of information it needs to properly inform the President and to implement and oversee the Administration's priorities. If such information were to be publicly disclosed, the frank exchange of confidential opinions and analysis among Executive Branch officials and staff would be significantly inhibited.

18.     The policy deliberations reflected in these documents are representative of the kinds of deliberations that take place every day at OMB. While the specific subject matter, content, and course of deliberations vary, the deliberative process is generally similar with respect to the

overall way in which OMB works with the White House, other components in the Executive

Office of the President, and Executive Branch agencies when analyzing policies or legal issues.

Maintaining the confidentiality of these types of pre-decisional and deliberative communications

is critical for OMB to carry out its mission.

## REASONABLY SEGREGABLE INFORMATION

19.     In conducting a document-by-document review of all the records located by OMB that

are responsive to the FOIA Requests, OMB carefully assessed whether any factual or otherwise

nonexempt information could be segregated and disclosed pursuant to 5 U.S.C. § 552(b).  OMB

has determined that all nonexempt segregable information has been released.

20.     In particular, OMB determined, with respect to each record withheld in full under

Exemption 5 due to the deliberative process privilege, that the record consists of discussions

involving economic, legal, and policy issues, in which facts are inextricably intertwined with

deliberative discussion, opinions, and policy recommendations, such that disclosing any facts,

and how they are presented, would reveal the thought processes of OMB during deliberations.

Thus, I have determined that disclosure of such factual material would reveal the nature and

substance of the agency deliberations.

21.     In accordance with 28 U.S.C. § 1746, I hereby declare and affirm under penalty of

perjury that the foregoing is true and correct to the best of my knowledge, information, and

belief, and that the accompanying *Vaughn* index and exhibits are true and correct.

Executed in Washington, District of Columbia, this 18th day of September, 2019.

Heather V. Walsh
Deputy General Counsel
Office of the General Counsel
Office of Management and Budget

**Exhibit 1 – FOIA Request No. 2017-449**





Dionne Hardy
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
(202) 395-FOIA
OMBFOIA@omb.eop.gov

*14669*

SEP 21 2017

*17-449*

September 20, 2017

**RE: Freedom of Information Act Request**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., submitted by the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC").

On August 29, 2017 the Office of Management and Budget's (OMB) Office of Information and Regulatory Affairs (OIRA) issued a memorandum to Acting Chair of the Equal Employment Opportunity Commission, Victoria Lipnic initiating a review and indefinite stay under the Paperwork Reduction Act (PRA) of the EEOC's pay data collection through its updated and previously approved EEO-1 form (Revised EEO-1 Form).[1]  The OMB attributed its determination to the EEOC's release of data file specifications after the approval of the Revised EEO-1 Form on September 29, 2016.  The OMB further stated that it was indefinitely suspending the pay data collection for good cause, because it found continued pay data to be contrary to PRA standards.

Through the Revised EEO-1 Form, the EEOC seeks to better identify and end pay discrimination harming people of color and women. There is an urgent need for this effort. Women working full time, year round are typically paid 80 cents for every dollar paid by their male counterparts. This gender pay gap translates into $10,086 less per year in median earnings for women, leaving women and their families shortchanged.  When we compare women of color to white, non-Hispanic men, the wage gaps are even larger.  Black women typically make only 63 cents, Latinas only 54 cents,  and Native women only 57 cents, for every dollar paid to white, non-Hispanic men. These pay gaps mean an annual loss of $21,698 for Black women, $26,403 for Latinas, and $24,007 for Native women.

---

[1] U.S. Office of Mgmt. and Budget, *Notice of Office of Management and Budget Action* (Sept. 29, 2016), *available at* https://www.reginfo.gov/public/do/DownloadNOA?requestID=275763.

These pay gaps are not explained away by women's job choices. Women are paid less than men in nearly every occupation,[2] and studies show that even controlling for race, region, unionization status, education, experience, occupation, and industry, 38 percent of the pay gap remains unexplained.[3] Biases and stereotypes drive these gaps. For example, a 2012 experiment revealed that compared to an identical female applicant, science professors offered a male applicant for a lab manager position a salary of nearly $4,000 more, as well as additional career mentoring, and judged him to be significantly more competent and hirable.[4] This dynamic repeats itself throughout the economy.

Men of color experience similar dynamics compared to white, non-Hispanic men. For every dollar earned by White men, Black men earn 72 cents and Hispanic men earn 62 cents. Stereotypes and biases drive these gaps as well. For example, another recent study found that while black job-seekers negotiated at the same rate as white job-seekers, they were perceived to be "pushier," which resulted in lower starting salaries.[5]

The Lawyers' Committee and the NWLC seek records detailing the basis for the decision to revoke the approval of the Revised EEO-1 Form. The Revised EEO-1 Form was adopted after an extensive and transparent process, including a public hearing, a vote by the EEOC Commissioners, and two rounds of notice and public comment. The EEOC process itself grew out of and responded to a Department of Labor proposal to collect pay data that itself included multiple rounds of public comment. In short, the process invited and considered the participation of all stakeholders and was based on careful and thorough analysis.

In contrast, the OMB's decision to stay use of the Revised EEO-1 Form for pay data collection occurred in secret after receiving requests from corporate representatives the Equal Employment Advisory Council ("EEAC"), the U.S. Chamber of Commerce ("Chamber"), and the Business Roundtable, and after a refusal to respond to multiple requests from equal pay stakeholders requesting a meeting to share views regarding those requests.

---

[2] Hegewisch, A. & Matite, M., *The Gender Wage Gap by Occupation,* INST. FOR WOMEN'S POLICY RESEARCH (2013), *available at* http://www.iwpr.org/publications/pubs/the-gender-wage-gap-by-occupation-2
[3] Blau, F. D. & Kahn, L.M, *The Gender Wage Gap: Extent, Trends and Explanations*, NAT'L BUREAU OF ECONOMIC RESEARCH (Jan. 2016), *available at* http://www.nber.org/papers/w21913.pdf.
[4] Moss-Racusin, C.A. et al., S*cience faculty's subtle gender biases favor male students*, PROCEEDINGS OF THE NATIONAL ACADEMY OF SCIENCES OF THE UNITED STATES OF AMERICA (Aug. 2012), *available at* http://www.pnas.org/content/109/41/16474.abstract#aff-1.
[5] Hernandez, M. & Avery, D., *Getting the Short End of the Stick: Racial Bias in Salary Negotiations*, MIT Sloan Management Review (June 15, 2016), *available at* http://sloanreview.mit.edu/article/getting-the-short-end-of-the-stick-racial-bias-in-salary-negotiations/.

**Requested Records**

The Lawyers' Committee and the NWLC request that OMB produce the following within twenty business days:

- Communications related to requests by the Business Roundtable that OMB and/or EEOC revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form between any OMB employee(s) and anyone representing the Business Roundtable, including but not limited to anyone using an @brt.org email address, including but not limited to:

  1. Mark J. Costa, Chair, Smart Regulation Committee
  2. Joshua Bolten, President and CEO

  OMB should search for the above individuals and email addresses both using keyword searching within the body of records and as an entry in the to/from/cc/bcc fields of emails or calendar entries.

- Calendar entries (including invitations) and/or records relating to requests to revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form and involving any participant or invitee representing the Business Roundtable, including but not limited to any participant or invitee with an @brt.org email address, (and all attachments to such calendar entries) for any OMB employees, including but not limited to:

  1. John Mulvaney, Director, OMB
  2. Kan Wang, Program Examiner, Labor Branch, OMB
  3. Neomi Rao, Administrator, Office of Information and Regulatory Affairs, OMB
  4. Dominic Mancini, former Acting Administrator, Office of Information and Regulatory Affairs, OMB
  5. Lisa Jones, Scheduler, OMB
  6. Anyone acting on behalf of any of the individuals listed above (such as administrative assistants or chiefs of staff)

  For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars – we request the production of any calendar – paper or electronic, whether on government-issued or personal devices – used to track or coordinate how OMB employees, including these individuals, allocate their time on agency business.

  The search should include any individuals serving in the roles listed above in either an acting or a permanent capacity.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

In addition to the records requested above, the Lawyers' Committee and the NWLC also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If OMB uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The Lawyers' Committee and the NWLC seek all responsive records regardless of format, medium or physical characteristics. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voicemail messages and transcripts, notes or minutes of any meetings, telephone conversations or discussions. Our request includes any attachments to these records. No category of material should be omitted from search, collection and production.

Please search all records regarding agency business. You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts. Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[6] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; the Lawyers' Committee and the NWLC have a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations.[7]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information. In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.[8] Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar

---

[6] See Competitive Enter. Inst. V. Office of Sci. & Tech. Policy, 827 F.3d 145, 149-50 (D.C. Cir. 2016); cf. Judicial Watch, Inc. v. Kerry, 844 F.3d 952, 955-56 (D.C. Cir. 2016).

[7] See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).

[8] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but OMB's archiving tools would capture that email under Capstone. Accordingly, the Lawyers' Committee and the NWLC insist that OMB use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched. The Lawyers' Committee and the NWLC are available to work with you to craft appropriate search terms. However, custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[9] If it is your position that any portion of the requested records is exempt from disclosure, the Lawyers' Committee and the NWLC request that you provide an index of those documents as required under *Vaughn v. Rosen*.[10] As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[11] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[12] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[13]

In the even some portions of the requested records are properly exempt from disclosure, please disclose any reasonable segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[14] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

You should institute a preservation hold on information responsive to this request. The Lawyers' Committee and the NWLC intend to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, OMB is on notice that litigation is reasonably foreseeable.

---

[9] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[10] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[12] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223—24 (D.C. Cir. 1987) (emphasis in original).
[13] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[14] *Mead Data Central,* 556 F.2d at 261.

*With the law on your side, great things are possible.*

11 Dupont Circle # Suite 800 # Washington, DC 20036 # 202.588.5180 # 202.588.5185 Fax # www.nwlc.org

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, the Lawyers' Committee and the NWLC welcome an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, we can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email to ombfoia@nwlc.org or in PDF format on a USB drive. Please send any responsive material being sent by mail to Emily Martin; National Women's Law Center; 11 Dupont Circle, NW, Suite 800; Washington, DC 20036. If it will accelerate release of responsive records, please also provide responsive material on a rolling basis.

## Fee Waiver Request

The Lawyers' Committee and the NWLC request that all fees in connection with this FOIA request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) because neither seeks the records for a commercial purpose and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.[15]

The Lawyers' Committee and the NWLC request a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and activities.[16]  When employees are paid less because of their sex, race, or ethnicity, they often have no idea they are being discriminated against. Discriminatory employer pay decisions are often cloaked in secrecy, and seldom are as obvious to affected employees as are discriminatory demotions, terminations, or denials of promotions. Employees face significant obstacles in gathering the information that would indicate they have experienced pay discrimination, which undermines their ability to challenge such discrimination. Consequently, government enforcement and employer self-evaluation and self-correction are critical to combat compensation discrimination. The EEO-1 Form revisions were properly designed to facilitate both. The public is entitled to information surrounding the revocation of the approval of the Revised EEO-1 Form because indefinite suspension of the collection prevents the EEOC from collecting pay data to uncover, investigate, and rectify potential hidden racial and gender pay gaps.

The Lawyers' Committee and the NWLC are both 501(c)(3) nonprofit organizations and do not have a commercial purpose, and the release of the information requested is not in the Lawyers' Committee's or NWLC's financial interest. The Lawyers' Committee was founded in 1963 and is committed to full and fair enforcement of federal civil rights laws and ensuring equal justice under law for all. Economic justice and employment discrimination are core programmatic areas of the Lawyers' Committee, and the organization has had a longstanding commitment to fighting for equal employment opportunity. NWLC has worked for 45 years to advance and protect women's equality and opportunity—with a focus on women's

---

[15] 28 C.F.R. § 16.10(k)(1).
[16] 28 C.F.R. § 16.10(k)(1), (2)(i)-(ii).

employment, education, income security, health, and reproductive rights—and has long sought to remove barriers to equal treatment of women in the workplace, particularly those that suppress women's wages.

The Lawyers' Committee and the NWLC will use the information gathered, and their analysis of it, to educate the public through reports, press releases, or other media. The Lawyers' Committee and the NWLC will also make materials it gathers available on its public website and promote their availability on social media platforms, such as Facebook and Twitter.

Accordingly, the Lawyers' Committee and the NWLC, individually and collectively, qualify for a fee waiver. If a waiver is not granted, then please advise us of the amount of any proposed search and reproduction charges before those activities are carried out.

We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

## Application for Expedited Records

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d)(1)(iv).

We certify to be true and correct to the best of our knowledge and belief that expedited processing is warranted because there is a compelling need to inform the public about, and there are questions regarding, the validity of OMB's rationale for suspending the EEOC's pay data collection, the process by which it arrived at its determination, and the impact the indefinite delay will have on individuals impacted by pay disparities, including women, minorities and the families of those affected by pay disparities. There is strong reason to believe that OMB is, and has been, coordinating with some or all of the individuals identified in this request since the change in Administrations. Whether OMB is undertaking efforts that could affect the EEOC's progress towards tackling and ending pay discrimination is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, the Lawyers' Committee and the NWLC qualify for expedited processing under the statute.

## Conclusion

We share a common mission to promote transparency in government. The Lawyers' Committee and the NWLC look forward to working with OMB on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully complying with this request, please contact Emily Martin, General Counsel and Vice President for Workplace Justice at the NWLC at ombfoia@nwlc.org.

---

[17] 5 C.F.R. 1303.10(d)(1)(iv).

*With the law on your side, great things are possible.*

Thank you very much for your attention to this matter.

Sincerely,

Kristen Clarke
President and Executive Director
The Lawyers' Committee for
Civil Rights Under Law

Fatima Goss Graves
President and CEO
The National Women's Law Center

**Exhibit 2 – FOIA Request No. 2017-450**





Dionne Hardy
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
(202) 395-FOIA
OMBFOIA@omb.eop.gov

*146670*

SEP 21 2017

*17-450*

September 20, 2017

**RE: Freedom of Information Act Request**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., submitted by the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC").

On August 29, 2017 the Office of Management and Budget's (OMB) Office of Information and Regulatory Affairs (OIRA) issued a memorandum to Acting Chair of the Equal Employment Opportunity Commission, Victoria Lipnic initiating a review and indefinite stay under the Paperwork Reduction Act (PRA) of the EEOC's pay data collection through its updated and previously approved EEO-1 form (Revised EEO-1 Form).[1] The OMB attributed its determination to the EEOC's release of data file specifications after the approval of the Revised EEO-1 Form on September 29, 2016. The OMB further stated that it was indefinitely suspending the pay data collection for good cause, because it found continued pay data to be contrary to PRA standards.

Through the Revised EEO-1 Form, the EEOC seeks to better identify and end pay discrimination harming people of color and women. There is an urgent need for this effort. Women working full time, year round are typically paid 80 cents for every dollar paid by their male counterparts. This gender pay gap translates into $10,086 less per year in median earnings for women, leaving women and their families shortchanged. When we compare women of color to white, non-Hispanic men, the wage gaps are even larger. Black women typically make only 63 cents, Latinas only 54 cents, and Native women only 57 cents, for every dollar paid to white, non-Hispanic men. These pay gaps mean an annual loss of $21,698 for Black women, $26,403 for Latinas, and $24,007 for Native women.

These pay gaps are not explained away by women's job choices. Women are paid less than men in nearly every occupation,[2] and studies show that even controlling for race, region, unionization status, education, experience, occupation, and industry, 38 percent of the pay gap

---

[1] U.S. Office of Mgmt. and Budget, *Notice of Office of Management and Budget Action* (Sept. 29, 2016), *available at* https://www.reginfo.gov/public/do/DownloadNOA?requestID=275763.

[2] Hegewisch, A. & Matite, M., *The Gender Wage Gap by Occupation,* INST. FOR WOMEN'S POLICY RESEARCH (2013), *available at* http://www.iwpr.org/publications/pubs/the-gender-wage-gap-by-occupation-2

*With the law on your side, great things are possible.*

remains unexplained.[3] Biases and stereotypes drive these gaps. For example, a 2012 experiment revealed that compared to an identical female applicant, science professors offered a male applicant for a lab manager position a salary of nearly $4,000 more, as well as additional career mentoring, and judged him to be significantly more competent and hirable.[4] This dynamic repeats itself throughout the economy.

Men of color experience similar dynamics compared to white, non-Hispanic men. For every dollar earned by White men, Black men earn 72 cents and Hispanic men earn 62 cents. Stereotypes and biases drive these gaps as well. For example, another recent study found that while black job-seekers negotiated at the same rate as white job-seekers, they were perceived to be "pushier," which resulted in lower starting salaries.[5]

The Lawyers' Committee and the NWLC seek records detailing the basis for the decision to revoke the approval of the Revised EEO-1 Form. The Revised EEO-1 Form was adopted after an extensive and transparent process, including a public hearing, a vote by the EEOC Commissioners, and two rounds of notice and public comment. The EEOC process itself grew out of and responded to a Department of Labor proposal to collect pay data that itself included multiple rounds of public comment. In short, the process invited and considered the participation of all stakeholders and was based on careful and thorough analysis.

In contrast, the OMB's decision to stay use of the Revised EEO-1 Form for pay data collection occurred in secret after receiving requests from corporate representatives the Equal Employment Advisory Council ("EEAC"), the U.S. Chamber of Commerce ("Chamber"), and the Business Roundtable, and after a refusal to respond to multiple requests from equal pay stakeholders requesting a meeting to share views regarding those requests.

## Requested Records

The Lawyers' Committee and the NWLC request that OMB produce the following within twenty business days:

- Communications relating to requests that OMB revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form between any OMB employee(s) and EEOC employees, including but not limited to anyone using an @eeoc.gov email address, including but not limited to:

    1. Victoria Lipnic, Acting Chair, EEOC
    2. Chai R. Feldblum, Commissioner, EEOC
    3. Jenny R. Yang, Commissioner, EEOC

---

[3] Blau, F. D. & Kahn, L.M, *The Gender Wage Gap: Extent, Trends and Explanations*, NAT'L BUREAU OF ECONOMIC RESEARCH (Jan. 2016), *available at* http://www.nber.org/papers/w21913.pdf.
[4] Moss-Racusin, C.A. et al., *Science faculty's subtle gender biases favor male students*, PROCEEDINGS OF THE NATIONAL ACADEMY OF SCIENCES OF THE UNITED STATES OF AMERICA (Aug. 2012), *available at* http://www.pnas.org/content/109/41/16474.abstract#aff-1.
[5] Hernandez, M. & Avery, D., *Getting the Short End of the Stick: Racial Bias in Salary Negotiations*, MIT Sloan Management Review (June 15, 2016), *available at* http://sloanreview.mit.edu/article/getting-the-short-end-of-the-stick-racial-bias-in-salary-negotiations/.

4. Charlotte A. Burrows, Commissioner, EEOC
5. James Paretti, Chief of Staff & Senior Counsel to Acting Chair Lipnic, EEOC
6. Donald McIntosh, Special Assistant to Acting Chair Lipnic, EEOC
7. Peggy Mastroianni, former Legal Counsel, EEOC

OMB should search for the above individuals both using keyword searching with the body of records and as an entry in the to/from/cc/bcc fields of emails or calendar entries.

- Calendar entries (including invitations) and/or records relating to requests to revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form and involving any participant or invitee representing the EEOC, including but not limited to any participant or invitee with an @eeoc.gov email address (and all attachments to such calendar entries) for any OMB employees, including but not limited to:

1. John Mulvaney, Director, OMB
2. Kan Wang, Program Examiner, Labor Branch, OMB
3. Neomi Rao, Administrator, Office of Information and Regulatory Affairs, OMB
4. Dominic Mancini, former Acting Administrator, Office of Information and Regulatory Affairs, OMB
5. Lisa Jones, Scheduler, OMB
6. Anyone acting on behalf of any of the individuals listed above (such as administrative assistants or chiefs of staff)
7.

For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars – we request the production of any calendar – paper or electronic, whether on government-issued or personal devices – used to track or coordinate how these individuals allocate their time on agency business.

The search should include any individuals serving in the roles listed above in either an acting or a permanent capacity.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

In addition to the records requested above, the Lawyers' Committee and the NWLC also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If OMB uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The Lawyers' Committee and the NWLC seek all responsive records regardless of format, medium or physical characteristics.  In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed or audio material of any kind.  We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voicemail messages and transcripts, notes or minutes of any meetings, telephone conversations or discussions.  Our request includes any attachments to these records. No category of material should be omitted from search, collection and production.

Please search all records regarding agency business.  You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts.  Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[6]  It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; the Lawyers' Committee and the NWLC have a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations. [7]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information.  In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.[8]  Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but OMB's archiving tools would capture that email under Capstone.  Accordingly, the Lawyers' Committee and the NWLC insist that OMB use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched.  The Lawyers' Committee and the NWLC are available to work with you to craft appropriate search terms.  However,

---

[6] *See Competitive Enter. Inst. V. Office of Sci. & Tech. Policy,* 827 F.3d 145, 149-50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry,* 844 F.3d 952, 955-56 (D.C. Cir. 2016).

[7] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy,* No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).

[8] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[9] If it is your position that any portion of the requested records is exempt from disclosure, the Lawyers' Committee and the NWLC request that you provide an index of those documents as required under *Vaughn v. Rosen*.[10] As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[11] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[12] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[13]

In the even some portions of the requested records are properly exempt from disclosure, please disclose any reasonable segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[14] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

You should institute a preservation hold on information responsive to this request. The Lawyers' Committee and the NWLC intend to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, OMB is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, the Lawyers' Committee and the NWLC welcome an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, we can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email to ombfoia@nwlc.org or in PDF format on a USB drive. Please send any responsive material being sent by mail to Emily Martin; National Women's Law Center; 11 Dupont Circle, NW,

---

[9] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[10] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[12] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223—24 (D.C. Cir. 1987) (emphasis in original).
[13] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[14] *Mead Data Central*, 556 F.2d at 261.

Suite 800; Washington, DC 20036. If it will accelerate release of responsive records, please also provide responsive material on a rolling basis.

### Fee Waiver Request

The Lawyers' Committee and the NWLC request that all fees in connection with this FOIA request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) because neither seeks the records for a commercial purpose and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.[15]

The Lawyers' Committee and the NWLC request a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and activities.[16]  When employees are paid less because of their sex, race, or ethnicity, they often have no idea they are being discriminated against. Discriminatory employer pay decisions are often cloaked in secrecy, and seldom are as obvious to affected employees as are discriminatory demotions, terminations, or denials of promotions.  Employees face significant obstacles in gathering the information that would indicate they have experienced pay discrimination, which undermines their ability to challenge such discrimination. Consequently, government enforcement and employer self-evaluation and self-correction are critical to combat compensation discrimination. The EEO-1 Form revisions were properly designed to facilitate both.  The public is entitled to information surrounding the revocation of the approval of the Revised EEO-1 Form because indefinite suspension of the collection prevents the EEOC from collecting pay data to uncover, investigate, and rectify potential hidden racial and gender pay gaps.

The Lawyers' Committee and the NWLC are both 501(c)(3) nonprofit organizations and do not have a commercial purpose, and the release of the information requested is not in the Lawyers' Committee's or NWLC's financial interest. The Lawyers' Committee was founded in 1963 and is committed to full and fair enforcement of federal civil rights laws and ensuring equal justice under law for all. Economic justice and employment discrimination are core programmatic areas of the Lawyers' Committee, and the organization has had a longstanding commitment to fighting for equal employment opportunity. NWLC has worked for 45 years to advance and protect women's equality and opportunity—with a focus on women's employment, education, income security, health, and reproductive rights—and has long sought to remove barriers to equal treatment of women in the workplace, particularly those that suppress women's wages.

The Lawyers' Committee and the NWLC will use the information gathered, and their analysis of it, to educate the public through reports, press releases, or other media. The Lawyers' Committee and the NWLC will also make materials it gathers available on its public website and promote their availability on social media platforms, such as Facebook and Twitter.

---

[15] 28 C.F.R. § 16.10(k)(1).
[16] 28 C.F.R. § 16.10(k)(1), (2)(i)-(ii).

Accordingly, the Lawyers' Committee and the NWLC, individually and collectively, qualify for a fee waiver. If a waiver is not granted, then please advise us of the amount of any proposed search and reproduction charges before those activities are carried out.

We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

**Application for Expedited Records**

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d)(1)(iv).

We certify to be true and correct to the best of our knowledge and belief that expedited processing is warranted because there is a compelling need to inform the public about, and there are questions regarding, the validity of OMB's rationale for suspending the EEOC's pay data collection, the process by which it arrived at its determination, and the impact the indefinite delay will have on individuals impacted by pay disparities, including women, minorities and the families of those affected by pay disparities. There is strong reason to believe that OMB is, and has been, coordinating with some or all of the individuals identified in this request since the change in Administrations. Whether the OMB is undertaking efforts that could affect the EEOC's progress towards tackling and ending pay discrimination is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, the Lawyers' Committee and the NWLC qualify for expedited processing under the statute.

**Conclusion**

We share a common mission to promote transparency in government. The Lawyers' Committee and the NWLC look forward to working with OMB on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully complying with this request, please contact Emily Martin, General Counsel and Vice President for Workplace Justice at the NWLC at ombfoia@nwlc.org.

---

[17] 5 C.F.R. 1303.10(d)(1)(iv).

*With the law on your side, great things are possible.*

Thank you very much for your attention to this matter.

Sincerely,

Kristen Clarke
President and Executive Director
The Lawyers' Committee for
Civil Rights Under Law

Fatima Goss Graves
President and CEO
The National Women's Law Center

**Exhibit 3 – FOIA Request No. 2017-451**





Dionne Hardy
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
(202) 395-FOIA
OMBFOIA@omb.eop.gov

*146671*

SEP 21 2017

*17-451*

September 20, 2017

**RE: Freedom of Information Act Request**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., submitted by the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC").

On August 29, 2017 the Office of Management and Budget's (OMB) Office of Information and Regulatory Affairs (OIRA) issued a memorandum to Acting Chair of the Equal Employment Opportunity Commission, Victoria Lipnic initiating a review and indefinite stay under the Paperwork Reduction Act (PRA) of the EEOC's pay data collection through its updated and previously approved EEO-1 form (Revised EEO-1 Form). [1]  The OMB attributed its determination to the EEOC's release of data file specifications after the approval of the Revised EEO-1 Form on September 29, 2016.  The OMB further stated that it was indefinitely suspending the pay data collection for good cause, because it found continued pay data to be contrary to PRA standards.

Through the Revised EEO-1 Form, the EEOC seeks to better identify and end pay discrimination harming people of color and women. There is an urgent need for this effort. Women working full time, year round are typically paid 80 cents for every dollar paid by their male counterparts. This gender pay gap translates into $10,086 less per year in median earnings for women, leaving women and their families shortchanged.  When we compare women of color to white, non-Hispanic men, the wage gaps are even larger.  Black women typically make only 63 cents, Latinas only 54 cents,  and Native women only 57 cents, for every dollar paid to white, non-Hispanic men. These pay gaps mean an annual loss of $21,698 for Black women, $26,403 for Latinas, and $24,007 for Native women.

---

[1] U.S. Office of Mgmt. and Budget, *Notice of Office of Management and Budget Action* (Sept. 29, 2016), *available at* https://www.reginfo.gov/public/do/DownloadNOA?requestID=275763.

These pay gaps are not explained away by women's job choices. Women are paid less than men in nearly every occupation,[2] and studies show that even controlling for race, region, unionization status, education, experience, occupation, and industry, 38 percent of the pay gap remains unexplained.[3] Biases and stereotypes drive these gaps. For example, a 2012 experiment revealed that compared to an identical female applicant, science professors offered a male applicant for a lab manager position a salary of nearly $4,000 more, as well as additional career mentoring, and judged him to be significantly more competent and hirable.[4] This dynamic repeats itself throughout the economy.

Men of color experience similar dynamics compared to white, non-Hispanic men. For every dollar earned by White men, Black men earn 72 cents and Hispanic men earn 62 cents. Stereotypes and biases drive these gaps as well. For example, another recent study found that while black job-seekers negotiated at the same rate as white job-seekers, they were perceived to be "pushier," which resulted in lower starting salaries.[5]

The Lawyers' Committee and the NWLC seek records detailing the basis for the decision to revoke the approval of the Revised EEO-1 Form. The Revised EEO-1 Form was adopted after an extensive and transparent process, including a public hearing, a vote by the EEOC Commissioners, and two rounds of notice and public comment. The EEOC process itself grew out of and responded to a Department of Labor proposal to collect pay data that itself included multiple rounds of public comment. In short, the process invited and considered the participation of all stakeholders and was based on careful and thorough analysis.

In contrast, the OMB's decision to stay use of the Revised EEO-1 Form for pay data collection occurred in secret after receiving requests from corporate representatives the Equal Employment Advisory Council ("EEAC"), the U.S. Chamber of Commerce ("Chamber"), and the Business Roundtable, and after a refusal to respond to multiple requests from equal pay stakeholders requesting a meeting to share views regarding those requests.

## Requested Records

The Lawyers' Committee and the NWLC request that OMB produce the following within twenty business days:

---

[2] Hegewisch, A. & Matite, M., *The Gender Wage Gap by Occupation,* INST. FOR WOMEN'S POLICY RESEARCH (2013), *available at* http://www.iwpr.org/publications/pubs/the-gender-wage-gap-by-occupation-2
[3] Blau, F. D. & Kahn, L.M, *The Gender Wage Gap: Extent, Trends and Explanations*, NAT'L BUREAU OF ECONOMIC RESEARCH (Jan. 2016), *available at* http://www.nber.org/papers/w21913.pdf.
[4] Moss-Racusin, C.A. et al., *Science faculty's subtle gender biases favor male students*, PROCEEDINGS OF THE NATIONAL ACADEMY OF SCIENCES OF THE UNITED STATES OF AMERICA (Aug. 2012), *available at* http://www.pnas.org/content/109/41/16474.abstract#aff-1.
[5] Hernandez, M. & Avery, D., *Getting the Short End of the Stick: Racial Bias in Salary Negotiations*, MIT Sloan Management Review (June 15, 2016), *available at* http://sloanreview.mit.edu/article/getting-the-short-end-of-the-stick-racial-bias-in-salary-negotiations/.

- Communications related to requests by the EEAC that OMB revoke, reconsider, or stay approval of the Revised EEO-1 Form between any OMB employee(s) and anyone representing the EEAC, including but not limited to anyone using an @eeac.org email address, including but not limited to:

  1. Rae T. Vann, Vice President and General Counsel, EEAC
  2. Michael J. Eastman, Vice President, Public Policy, EEAC
  3. Chris Gokturk, Senior Consultant, EEAC

  OMB should search for the above individuals both using keyword searching within the body of records and as an entry in the to/from/cc/bcc fields of emails or calendar entries.

- Calendar entries (including invitations) and/or records relating to requests to revoke, reconsider, or stay approval of the Revised EEO-1 Form and involving any participant or invitee representing the EEAC, including but not limited to any participant or invitee with an @eeac.org email address (and all attachments to such calendar entries) for any OMB employees, including but not limited to:

  1. John Mulvaney, Director, OMB
  2. Kan Wang, Program Examiner, Labor Branch, OMB
  3. Neomi Rao, Administrator, Office of Information and Regulatory Affairs, OMB
  4. Dominic Mancini, former Acting Administrator, Office of Information and Regulatory Affairs, OMB
  5. Lisa Jones, Scheduler, OMB
  6. Anyone acting on behalf of any of the individuals listed above (such as administrative assistants or chiefs of staff)

  For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars – we request the production of any calendar – paper or electronic, whether on government-issued or personal devices – used to track or coordinate how OMB employees, including these individuals, allocate their time on agency business.

  The search should include any individuals serving in the roles listed above in either an acting or a permanent capacity.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

In addition to the records requested above, the Lawyers' Committee and the NWLC also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If OMB uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess

responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The Lawyers' Committee and the NWLC seek all responsive records regardless of format, medium or physical characteristics. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voicemail messages and transcripts, notes or minutes of any meetings, telephone conversations or discussions. Our request includes any attachments to these records. No category of material should be omitted from search, collection and production.

Please search all records regarding agency business. You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts. Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[6] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; the Lawyers' Committee and the NWLC have a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations.[7]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information. In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.[8] Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but OMB's archiving tools would capture that email under Capstone. Accordingly, the Lawyers' Committee and the NWLC insist that OMB use the most up-to-date technologies to search for responsive information and take steps to ensure

---

[6] See Competitive Enter. Inst. V. Office of Sci. & Tech. Policy, 827 F.3d 145, 149-50 (D.C. Cir. 2016); cf. Judicial Watch, Inc. v. Kerry, 844 F.3d 952, 955-56 (D.C. Cir. 2016).

[7] See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).

[8] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

that the most complete repositories of information are searched.  The Lawyers' Committee and the NWLC are available to work with you to craft appropriate search terms.  However, custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[9] If it is your position that any portion of the requested records is exempt from disclosure, the Lawyers' Committee and the NWLC request that you provide an index of those documents as required under *Vaughn v. Rosen*.[10] As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[11] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[12] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[13]

In the even some portions of the requested records are properly exempt from disclosure, please disclose any reasonable segregable non-exempt portions of the requested records.  If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[14]  Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index.  If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

You should institute a preservation hold on information responsive to this request.  The Lawyers' Committee and the NWLC intend to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary.  Accordingly, OMB is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, the Lawyers' Committee and the NWLC welcome an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs.  By working together at the outset, we can decrease the likelihood of costly and time-consuming litigation in the future.

---

[9] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[10] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[12] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223—24 (D.C. Cir. 1987) (emphasis in original).
[13] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[14] *Mead Data Central*, 556 F.2d at 261.

Where possible, please provide responsive material in electronic format by email to
ombfoia@nwlc.org or in PDF format on a USB drive.  Please send any responsive material
being sent by mail to Emily Martin; National Women's Law Center; 11 Dupont Circle, NW,
Suite 800; Washington, DC 20036. If it will accelerate release of responsive records, please
also provide responsive material on a rolling basis.

## Fee Waiver Request

The Lawyers' Committee and the NWLC request that all fees in connection with this FOIA
request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) because neither seeks the
records for a commercial purpose and disclosure is in the public interest because it is likely to
contribute significantly to public understanding of the operations and activities of the
government.[15]

The Lawyers' Committee and the NWLC request a waiver of fees because disclosure of the
requested information is "in the public interest because it is likely to contribute significantly
to public understanding" of government operations and activities.[16]  When employees are paid
less because of their sex, race, or ethnicity, they often have no idea they are being
discriminated against. Discriminatory employer pay decisions are often cloaked in secrecy,
and seldom are as obvious to affected employees as are discriminatory demotions,
terminations, or denials of promotions.  Employees face significant obstacles in gathering the
information that would indicate they have experienced pay discrimination, which undermines
their ability to challenge such discrimination. Consequently, government enforcement and
employer self-evaluation and self-correction are critical to combat compensation
discrimination. The EEO-1 Form revisions were properly designed to facilitate both.  The
public is entitled to information surrounding the revocation of the approval of the Revised
EEO-1 Form because indefinite suspension of the collection prevents the EEOC from
collecting pay data to uncover, investigate, and rectify potential hidden racial and gender pay
gaps.

The Lawyers' Committee and the NWLC are both 501(c)(3) nonprofit organizations and do
not have a commercial purpose, and the release of the information requested is not in the
Lawyers' Committee's or NWLC's financial interest. The Lawyers' Committee was founded
in 1963 and is committed to full and fair enforcement of federal civil rights laws and ensuring
equal justice under law for all. Economic justice and employment discrimination are core
programmatic areas of the Lawyers' Committee, and the organization has had a longstanding
commitment to fighting for equal employment opportunity. NWLC has worked for 45 years
to advance and protect women's equality and opportunity—with a focus on women's
employment, education, income security, health, and reproductive rights—and has long
sought to remove barriers to equal treatment of women in the workplace, particularly those
that suppress women's wages.

---

[15] 28 C.F.R. § 16.10(k)(1).
[16] 28 C.F.R. § 16.10(k)(1), (2)(i)-(ii).

The Lawyers' Committee and the NWLC will use the information gathered, and their analysis of it, to educate the public through reports, press releases, or other media. The Lawyers' Committee and the NWLC will also make materials it gathers available on its public website and promote their availability on social media platforms, such as Facebook and Twitter.

Accordingly, the Lawyers' Committee and the NWLC, individually and collectively, qualify for a fee waiver. If a waiver is not granted, then please advise us of the amount of any proposed search and reproduction charges before those activities are carried out.

We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

## Application for Expedited Records

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d)(1)(iv).

We certify to be true and correct to the best of our knowledge and belief that expedited processing is warranted because there is a compelling need to inform the public about, and there are questions regarding, the validity of OMB's rationale for suspending the EEOC's pay data collection, the process by which it arrived at its determination, and the impact the indefinite delay will have on individuals impacted by pay disparities, including women, minorities and the families of those affected by pay disparities. There is strong reason to believe that OMB is, and has been, coordinating with some or all of the individuals identified in this request since the change in Administrations. Whether the OMB is undertaking efforts that could affect the EEOC's progress towards tackling and ending pay discrimination is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, the Lawyers' Committee and the NWLC qualify for expedited processing under the statute.

## Conclusion

We share a common mission to promote transparency in government. The Lawyers' Committee and the NWLC look forward to working with OMB on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully complying with this request, please contact Emily Martin, General Counsel and Vice President for Workplace Justice at the NWLC at ombfoia@nwlc.org.

---

[17] 5 C.F.R. 1303.10(d)(1)(iv).

**Exhibit 4 – FOIA Request No. 2017-452**





Dionne Hardy
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
(202) 395-FOIA
OMBFOIA@omb.eop.gov

*17- 452*
*146672*

September 20, 2017

SEP 21 2017

**RE: Freedom of Information Act Request**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., submitted by the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC").

On August 29, 2017 the Office of Management and Budget's (OMB) Office of Information and Regulatory Affairs (OIRA) issued a memorandum to Acting Chair of the Equal Employment Opportunity Commission, Victoria Lipnic initiating a review and indefinite stay under the Paperwork Reduction Act (PRA) of the EEOC's pay data collection through its updated and previously approved EEO-1 form (Revised EEO-1 Form). [1]  The OMB attributed its determination to the EEOC's release of data file specifications after the approval of the Revised EEO-1 Form on September 29, 2016. The OMB further stated that it was indefinitely suspending the pay data collection for good cause, because it found continued pay data to be contrary to PRA standards.

Through the Revised EEO-1 Form, the EEOC seeks to better identify and end pay discrimination harming people of color and women. There is an urgent need for this effort. Women working full time, year round are typically paid 80 cents for every dollar paid by their male counterparts. This gender pay gap translates into $10,086 less per year in median earnings for women, leaving women and their families shortchanged.  When we compare women of color to white, non-Hispanic men, the wage gaps are even larger.  Black women typically make only 63 cents, Latinas only 54 cents,  and Native women only 57 cents, for every dollar paid to white, non-Hispanic men. These pay gaps mean an annual loss of $21,698 for Black women, $26,403 for Latinas, and $24,007 for Native women.

These pay gaps are not explained away by women's job choices. Women are paid less than men in nearly every occupation,[2] and studies show that even controlling for race, region,

---

[1] U.S. Office of Mgmt. and Budget, *Notice of Office of Management and Budget Action* (Sept. 29, 2016), *available at* https://www.reginfo.gov/public/do/DownloadNOA?requestID=275763.
[2] Hegewisch, A. & Matite, M., *The Gender Wage Gap by Occupation*,  INST. FOR WOMEN'S POLICY RESEARCH (2013), *available at* http://www.iwpr.org/publications/pubs/the-gender-wage-gap-by-occupation-2

unionization status, education, experience, occupation, and industry, 38 percent of the pay gap remains unexplained.[3] Biases and stereotypes drive these gaps. For example, a 2012 experiment revealed that compared to an identical female applicant, science professors offered a male applicant for a lab manager position a salary of nearly $4,000 more, as well as additional career mentoring, and judged him to be significantly more competent and hirable.[4] This dynamic repeats itself throughout the economy.

Men of color experience similar dynamics compared to white, non-Hispanic men. For every dollar earned by White men, Black men earn 72 cents and Hispanic men earn 62 cents. Stereotypes and biases drive these gaps as well. For example, another recent study found that while black job-seekers negotiated at the same rate as white job-seekers, they were perceived to be "pushier," which resulted in lower starting salaries.[5]

The Lawyers' Committee and the NWLC seek records detailing the basis for the decision to revoke the approval of the Revised EEO-1 Form. The Revised EEO-1 Form was adopted after an extensive and transparent process, including a public hearing, a vote by the EEOC Commissioners, and two rounds of notice and public comment. The EEOC process itself grew out of and responded to a Department of Labor proposal to collect pay data that itself included multiple rounds of public comment. In short, the process invited and considered the participation of all stakeholders and was based on careful and thorough analysis.

In contrast, the OMB's decision to stay use of the Revised EEO-1 Form for pay data collection occurred in secret after receiving requests from corporate representatives the Equal Employment Advisory Council ("EEAC"), the U.S. Chamber of Commerce ("Chamber"), and the Business Roundtable, and after a refusal to respond to multiple requests from equal pay stakeholders requesting a meeting to share views regarding those requests.

**Requested Records**

The Lawyers' Committee and the NWLC request that OMB produce the following within twenty business days:

- Names and contact information of OMB employees who considered requests to revoke, review, rescind, reconsider, or stay approval of approval of the Revised EEO-1 Form and/or were involved with the decision to review and stay the Revised EEO-1 Form's pay data collection.
- Communications that discuss, describe, mention, or otherwise reference revoking, reviewing, rescinding, reconsidering, or staying approval of Revised EEO-1 Form, including any and all transcripts of meetings regarding the Revised EEO-1 Form.

---

[3] Blau, F. D. & Kahn, L.M, *The Gender Wage Gap: Extent, Trends and Explanations*, NAT'L BUREAU OF ECONOMIC RESEARCH (Jan. 2016), *available at* http://www.nber.org/papers/w21913.pdf.

[4] Moss-Racusin, C.A. et al., *Science faculty's subtle gender biases favor male students*, PROCEEDINGS OF THE NATIONAL ACADEMY OF SCIENCES OF THE UNITED STATES OF AMERICA (Aug. 2012), *available at* http://www.pnas.org/content/109/41/16474.abstract#aff-1.

[5] Hernandez, M. & Avery, D., *Getting the Short End of the Stick: Racial Bias in Salary Negotiations*, MIT Sloan Management Review (June 15, 2016), *available at* http://sloanreview.mit.edu/article/getting-the-short-end-of-the-stick-racial-bias-in-salary-negotiations/.

- All memoranda, statements, or documents provided to any OMB employee; reviewed by and OMB employee; relied upon by and OMB employee; or drafted, signed, authorized or issued by any OMB employee related to its consideration of requests to revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form or to OMB's decision to review and stay the Revised EEO-1 Form, including but not limited to:

    1. Information demonstrating changed circumstances justifying review, rescission, or stay of the Revised EEO-1 Form pursuant to 5 C.F.R. § 1320.12(j) or 5 C.F.R. § 1320.10(f).
    2. Information demonstrating material error on part of the EEOC in calculating the burden imposed by the Revised EEO-1 Form, pursuant to 5 C.F.R. § 1320.12(j) or 5 C.F.R. § 1320.10(f).
    3. Information demonstrating good cause justifying review, rescission, or stay of the Revised EEO-1 Form pursuant to 5 C.F.R. § 1320.10(g).
    4. Information demonstrating any burden on employers or relevant change in circumstance arising out of the EEOC's release of data file specifications for the Revised EEO-1 Form.
    5. Information related to the Revised EEO-1 form prepared for or provided to Janet Dhillon, EEOC Chair nominee, or her employees, representatives, or agents.
    6. Information related to the Revised EEO-1 form prepared for or provided to Daniel Gade, EEOC nominee, or his employees, representatives, or agents.

- Communications from individuals and organizations, excluding EEAC, EEOC, Business Roundtable and the Chamber, (including invitations) requesting or related to meetings with OMB relating to requests that OMB review, reconsider, rescind, revoke, or stay the Revised EEO-1 Form.
- Calendar entries (including invitations) and/or records relating to the OMB's reconsideration or review of the Revised EEO-1 Form involving OMB employees and any participant or invitee, excluding representatives of the EEAC, the EEOC, the Business Roundtable and the Chamber.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

In addition to the records requested above, the Lawyers' Committee and the NWLC also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If OMB uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The Lawyers' Committee and the NWLC seek all responsive records regardless of format, medium or physical characteristics. In conducting your search, please understand the terms

"record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voicemail messages and transcripts, notes or minutes of any meetings, telephone conversations or discussions. Our request includes any attachments to these records. No category of material should be omitted from search, collection and production.

Please search all records regarding agency business. You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts. Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[6] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; the Lawyers' Committee and the NWLC have a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations. [7]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information. In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.[8] Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but OMB's archiving tools would capture that email under Capstone. Accordingly, the Lawyers' Committee and the NWLC insist that OMB use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched. The Lawyers' Committee and the NWLC are available to work with you to craft appropriate search terms. However, custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

---

[6] *See Competitive Enter. Inst. V. Office of Sci. & Tech. Policy,* 827 F.3d 145, 149-50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry,* 844 F.3d 952, 955-56 (D.C. Cir. 2016).

[7] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy,* No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).

[8] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

*With the law on your side, great things are possible.*

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[9] If it is your position that any portion of the requested records is exempt from disclosure, the Lawyers' Committee and the NWLC request that you provide an index of those documents as required under *Vaughn v. Rosen*.[10] As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[11] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[12] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[13]

In the even some portions of the requested records are properly exempt from disclosure, please disclose any reasonable segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[14] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

You should institute a preservation hold on information responsive to this request. The Lawyers' Committee and the NWLC intend to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, OMB is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, the Lawyers' Committee and the NWLC welcome an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, we can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email to ombfoia@nwlc.org or in PDF format on a USB drive. Please send any responsive material being sent by mail to Emily Martin; National Women's Law Center; 11 Dupont Circle, NW, Suite 800; Washington, DC 20036. If it will accelerate release of responsive records, please also provide responsive material on a rolling basis.

---

[9] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[10] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[12] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223—24 (D.C. Cir. 1987) (emphasis in original).
[13] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[14] *Mead Data Central*, 556 F.2d at 261.

**Fee Waiver Request**

The Lawyers' Committee and the NWLC request that all fees in connection with this FOIA request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) because neither seeks the records for a commercial purpose and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.[15]

The Lawyers' Committee and the NWLC request a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and activities.[16]  When employees are paid less because of their sex, race, or ethnicity, they often have no idea they are being discriminated against. Discriminatory employer pay decisions are often cloaked in secrecy, and seldom are as obvious to affected employees as are discriminatory demotions, terminations, or denials of promotions.  Employees face significant obstacles in gathering the information that would indicate they have experienced pay discrimination, which undermines their ability to challenge such discrimination. Consequently, government enforcement and employer self-evaluation and self-correction are critical to combat compensation discrimination. The EEO-1 Form revisions were properly designed to facilitate both.  The public is entitled to information surrounding the revocation of the approval of the Revised EEO-1 Form because indefinite suspension of the collection prevents the EEOC from collecting pay data to uncover, investigate, and rectify potential hidden racial and gender pay gaps.

The Lawyers' Committee and the NWLC are both 501(c)(3) nonprofit organizations and do not have a commercial purpose, and the release of the information requested is not in the Lawyers' Committee's or NWLC's financial interest. The Lawyers' Committee was founded in 1963 and is committed to full and fair enforcement of federal civil rights laws and ensuring equal justice under law for all. Economic justice and employment discrimination are core programmatic areas of the Lawyers' Committee, and the organization has had a longstanding commitment to fighting for equal employment opportunity. NWLC has worked for 45 years to advance and protect women's equality and opportunity—with a focus on women's employment, education, income security, health, and reproductive rights—and has long sought to remove barriers to equal treatment of women in the workplace, particularly those that suppress women's wages.

The Lawyers' Committee and the NWLC will use the information gathered, and their analysis of it, to educate the public through reports, press releases, or other media. The Lawyers' Committee and the NWLC will also make materials it gathers available on its public website and promote their availability on social media platforms, such as Facebook and Twitter.

Accordingly, the Lawyers' Committee and the NWLC, individually and collectively, qualify for a fee waiver. If a waiver is not granted, then please advise us of the amount of any proposed search and reproduction charges before those activities are carried out.

---

[15] 28 C.F.R. § 16.10(k)(1).
[16] 28 C.F.R. § 16.10(k)(1), (2)(i)-(ii).

We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

## Application for Expedited Records

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d)(1)(iv).

We certify to be true and correct to the best of our knowledge and belief that expedited processing is warranted because there is a compelling need to inform the public about, and there are questions regarding, the validity of OMB's rationale for suspending the EEOC's pay data collection, the process by which it arrived at its determination, and the impact the indefinite delay will have on individuals impacted by pay disparities, including women, minorities and the families of those affected by pay disparities. There is strong reason to believe that OMB is, and has been, coordinating with some or all of the individuals identified in this request since the change in Administrations. Whether the OMB is undertaking efforts that could affect the EEOC's progress towards tackling and ending pay discrimination is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, the Lawyers' Committee and the NWLC qualify for expedited processing under the statute.

## Conclusion

We share a common mission to promote transparency in government. The Lawyers' Committee and the NWLC look forward to working with OMB on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully complying with this request, please contact Emily Martin, General Counsel and Vice President for Workplace Justice at the NWLC at ombfoia@nwlc.org.

Thank you very much for your attention to this matter.

Sincerely,

Kristen Clarke
President and Executive Director
The Lawyers' Committee for
Civil Rights Under Law

Fatima Goss Graves
President and CEO
The National Women's Law Center

---

[17] 5 C.F.R. 1303.10(d)(1)(iv).

**Exhibit 5 – FOIA Request No. 2017-453**





Dionne Hardy
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
(202) 395-FOIA
OMBFOIA@omb.eop.gov

*146673*

SEP 2 1 2017

*17-453*

September 20, 2017

**RE: Freedom of Information Act Request**

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., submitted by the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC").

On August 29, 2017 the Office of Management and Budget's (OMB) Office of Information and Regulatory Affairs (OIRA) issued a memorandum to Acting Chair of the Equal Employment Opportunity Commission, Victoria Lipnic initiating a review and indefinite stay under the Paperwork Reduction Act (PRA) of the EEOC's pay data collection through its updated and previously approved EEO-1 form (Revised EEO-1 Form).[1]  The OMB attributed its determination to the EEOC's release of data file specifications after the approval of the Revised EEO-1 Form on September 29, 2016.  The OMB further stated that it was indefinitely suspending the pay data collection for good cause, because it found continued pay data to be contrary to PRA standards.

Through the Revised EEO-1 Form, the EEOC seeks to better identify and end pay discrimination harming people of color and women. There is an urgent need for this effort. Women working full time, year round are typically paid 80 cents for every dollar paid by their male counterparts. This gender pay gap translates into $10,086 less per year in median earnings for women, leaving women and their families shortchanged.  When we compare women of color to white, non-Hispanic men, the wage gaps are even larger.  Black women typically make only 63 cents, Latinas only 54 cents,  and Native women only 57 cents, for every dollar paid to white, non-Hispanic men. These pay gaps mean an annual loss of $21,698 for Black women, $26,403 for Latinas, and $24,007 for Native women.

These pay gaps are not explained away by women's job choices. Women are paid less than men in nearly every occupation,[2] and studies show that even controlling for race, region,

---

[1] U.S. Office of Mgmt. and Budget, *Notice of Office of Management and Budget Action* (Sept. 29, 2016), *available at* https://www.reginfo.gov/public/do/DownloadNOA?requestID=275763.
[2] Hegewisch, A. & Matite, M., *The Gender Wage Gap by Occupation,* INST. FOR WOMEN'S POLICY RESEARCH (2013), *available at* http://www.iwpr.org/publications/pubs/the-gender-wage-gap-by-occupation-2

unionization status, education, experience, occupation, and industry, 38 percent of the pay gap remains unexplained.[3] Biases and stereotypes drive these gaps. For example, a 2012 experiment revealed that compared to an identical female applicant, science professors offered a male applicant for a lab manager position a salary of nearly $4,000 more, as well as additional career mentoring, and judged him to be significantly more competent and hirable.[4] This dynamic repeats itself throughout the economy.

Men of color experience similar dynamics compared to white, non-Hispanic men. For every dollar earned by White men, Black men earn 72 cents and Hispanic men earn 62 cents. Stereotypes and biases drive these gaps as well. For example, another recent study found that while black job-seekers negotiated at the same rate as white job-seekers, they were perceived to be "pushier," which resulted in lower starting salaries.[5]

The Lawyers' Committee and the NWLC seek records detailing the basis for the decision to revoke the approval of the Revised EEO-1 Form. The Revised EEO-1 Form was adopted after an extensive and transparent process, including a public hearing, a vote by the EEOC Commissioners, and two rounds of notice and public comment. The EEOC process itself grew out of and responded to a Department of Labor proposal to collect pay data that itself included multiple rounds of public comment. In short, the process invited and considered the participation of all stakeholders and was based on careful and thorough analysis.

In contrast, the OMB's decision to stay use of the Revised EEO-1 Form for pay data collection occurred in secret after receiving requests from corporate representatives the Equal Employment Advisory Council ("EEAC"), the U.S. Chamber of Commerce ("Chamber"), and the Business Roundtable, and after a refusal to respond to multiple requests from equal pay stakeholders requesting a meeting to share views regarding those requests.

### Requested Records

The Lawyers' Committee and the NWLC request that OMB produce the following within twenty business days:

- Communications related to requests by the Chamber that OMB revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form between any OMB employee(s) and anyone representing the U.S. Chamber of Commerce, including but not limited to anyone using an @uschamber.com email address, including but not limited to:

    1. James Plunkett, former Director, Labor Law Policy

---

[3] Blau, F. D. & Kahn, L.M, *The Gender Wage Gap: Extent, Trends and Explanations*, NAT'L BUREAU OF ECONOMIC RESEARCH (Jan. 2016), *available at* http://www.nber.org/papers/w21913.pdf.
[4] Moss-Racusin, C.A. et al., *Science faculty's subtle gender biases favor male students*, PROCEEDINGS OF THE NATIONAL ACADEMY OF SCIENCES OF THE UNITED STATES OF AMERICA (Aug. 2012), *available at* http://www.pnas.org/content/109/41/16474.abstract#aff-1.
[5] Hernandez, M. & Avery, D., *Getting the Short End of the Stick: Racial Bias in Salary Negotiations*, MIT Sloan Management Review (June 15, 2016), *available at* http://sloanreview.mit.edu/article/getting-the-short-end-of-the-stick-racial-bias-in-salary-negotiations/.

   2.  Marc Freedman, Executive Director of Labor Law Policy
   3.  Randel K. Johnson, Senior Vice President, Labor, Immigration & Employee Benefits

OMB should search for the above individuals and email addresses both using keyword searching within the body of records and as an entry in the to/from/cc/bcc fields of emails or calendar entries.

- Calendar entries (including invitations) and/or records relating to requests to revoke, review, rescind, reconsider, or stay approval of the Revised EEO-1 Form and involving any participant or invitee representing the U.S. Chamber of Commerce, including but not limited to any participant or invitee with an @uschamber.com email address, (and all attachments to such calendar entries) for any OMB employees, including but not limited to:

   1.  John Mulvaney, Director, OMB
   2.  Kan Wang, Program Examiner, Labor Branch, OMB
   3.  Neomi Rao, Administrator, Office of Information and Regulatory Affairs, OMB
   4.  Dominic Mancini, former Acting Administrator, Office of Information and Regulatory Affairs, OMB
   5.  Lisa Jones, Scheduler, OMB
   6.  Anyone acting on behalf of any of the individuals listed above (such as administrative assistants or chiefs of staff)

For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars -- we request the production of any calendar – paper or electronic, whether on government-issued or personal devices – used to track or coordinate how OMB employees, including these individuals, allocate their time on agency business.

The search should include any individuals serving in the roles listed above in either an acting or a permanent capacity.

Please provide all responsive records from January 20, 2017, to the date the search is conducted.

In addition to the records requested above, the Lawyers' Committee and the NWLC also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If OMB uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The Lawyers' Committee and the NWLC seek all responsive records regardless of format, medium or physical characteristics. In conducting your search, please understand the terms

"record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed or audio material of any kind.  We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voicemail messages and transcripts, notes or minutes of any meetings, telephone conversations or discussions.  Our request includes any attachments to these records. No category of material should be omitted from search, collection and production.

Please search all records regarding agency business.  You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts.  Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.[6]  It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; the Lawyers' Committee and the NWLC have a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations.[7]

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information.  In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches.[8]  Furthermore, agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files. For example, a custodian may have deleted a responsive email from his or her email program, but OMB's archiving tools would capture that email under Capstone.  Accordingly, the Lawyers' Committee and the NWLC insist that OMB use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched.  The Lawyers' Committee and the NWLC are available to work with you to craft appropriate search terms.  However, custodian searches are still required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

---

[6] *See Competitive Enter. Inst. V. Office of Sci. & Tech. Policy,* 827 F.3d 145, 149-50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry,* 844 F.3d 952, 955-56 (D.C. Cir. 2016).
[7] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy,* No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).
[8] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidentialmemorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[9] If it is your position that any portion of the requested records is exempt from disclosure, the Lawyers' Committee and the NWLC request that you provide an index of those documents as required under *Vaughn v. Rosen*.[10] As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[11] Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."[12] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[13]

In the even some portions of the requested records are properly exempt from disclosure, please disclose any reasonable segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[14] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

You should institute a preservation hold on information responsive to this request. The Lawyers' Committee and the NWLC intend to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, OMB is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, the Lawyers' Committee and the NWLC welcome an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, we can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email to ombfoia@nwlc.org or in PDF format on a USB drive. Please send any responsive material being sent by mail to Emily Martin; National Women's Law Center; 11 Dupont Circle, NW, Suite 800; Washington, DC 20036. If it will accelerate release of responsive records, please also provide responsive material on a rolling basis.

---

[9] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114–185).
[10] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).
[12] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223—24 (D.C. Cir. 1987) (emphasis in original).
[13] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).
[14] *Mead Data Central*, 556 F.2d at 261.

**Fee Waiver Request**

The Lawyers' Committee and the NWLC request that all fees in connection with this FOIA request be waived in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) because neither seeks the records for a commercial purpose and disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.[15]

The Lawyers' Committee and the NWLC request a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and activities.[16] When employees are paid less because of their sex, race, or ethnicity, they often have no idea they are being discriminated against. Discriminatory employer pay decisions are often cloaked in secrecy, and seldom are as obvious to affected employees as are discriminatory demotions, terminations, or denials of promotions. Employees face significant obstacles in gathering the information that would indicate they have experienced pay discrimination, which undermines their ability to challenge such discrimination. Consequently, government enforcement and employer self-evaluation and self-correction are critical to combat compensation discrimination. The EEO-1 Form revisions were properly designed to facilitate both. The public is entitled to information surrounding the revocation of the approval of the Revised EEO-1 Form because indefinite suspension of the collection prevents the EEOC from collecting pay data to uncover, investigate, and rectify potential hidden racial and gender pay gaps.

The Lawyers' Committee and the NWLC are both 501(c)(3) nonprofit organizations and do not have a commercial purpose, and the release of the information requested is not in the Lawyers' Committee's or NWLC's financial interest. The Lawyers' Committee was founded in 1963 and is committed to full and fair enforcement of federal civil rights laws and ensuring equal justice under law for all. Economic justice and employment discrimination are core programmatic areas of the Lawyers' Committee, and the organization has had a longstanding commitment to fighting for equal employment opportunity. NWLC has worked for 45 years to advance and protect women's equality and opportunity—with a focus on women's employment, education, income security, health, and reproductive rights—and has long sought to remove barriers to equal treatment of women in the workplace, particularly those that suppress women's wages.

The Lawyers' Committee and the NWLC will use the information gathered, and their analysis of it, to educate the public through reports, press releases, or other media. The Lawyers' Committee and the NWLC will also make materials it gathers available on its public website and promote their availability on social media platforms, such as Facebook and Twitter.

Accordingly, the Lawyers' Committee and the NWLC, individually and collectively, qualify for a fee waiver. If a waiver is not granted, then please advise us of the amount of any proposed search and reproduction charges before those activities are carried out.

---

[15] 28 C.F.R. § 16.10(k)(1).
[16] 28 C.F.R. § 16.10(k)(1), (2)(i)-(ii).

We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

## Application for Expedited Records

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d)(1)(iv).

We certify to be true and correct to the best of our knowledge and belief that expedited processing is warranted because there is a compelling need to inform the public about, and there are questions regarding, the validity of OMB's rationale for suspending the EEOC's pay data collection, the process by which it arrived at its determination, and the impact the indefinite delay will have on individuals impacted by pay disparities, including women, minorities and the families of those affected by pay disparities. There is strong reason to believe that OMB is, and has been, coordinating with some or all of the individuals identified

in this request since the change in Administrations. Whether the OMB is undertaking efforts that could affect the EEOC's progress towards tackling and ending pay discrimination is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[17]

Accordingly, the Lawyers' Committee and the NWLC qualify for expedited processing under the statute.

## Conclusion

We share a common mission to promote transparency in government. The Lawyers' Committee and the NWLC look forward to working with OMB on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully complying with this request, please contact Emily Martin, General Counsel and Vice President for Workplace Justice at the NWLC at ombfoia@nwlc.org.

Thank you very much for your attention to this matter.

Sincerely,

*Kristen Clarke*

Kristen Clarke
President and Executive Director
The Lawyers' Committee for
Civil Rights Under Law

*Fatima Goss Graves*

Fatima Goss Graves
President and CEO
The National Women's Law Center

---

[17] 5 C.F.R. 1303.10(d)(1)(iv).

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001178 | OMB-Lawyers' Committee-000001 | EEO-1 | Mancini, Dominic J. EOP/OMB | To: victoria.lipnic@eeoc.gov CC: jim.paretti@eeoc.gov | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 2 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000003034 | OMB-Lawyers' Committee-000002-000003 | RE: EEO-1 | Mancini, Dominic J. EOP/OMB | To: "VICTORIA A. LIPNIC" <victoria.lipnic@eeoc.gov> CC: JIM PARETTI <jim.paretti@eeoc.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 3 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000003047 | OMB-Lawyers' Committee-000004-000005 | RE: EEO-1 | VICTORIA A. LIPNIC | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> CC: JIM PARETTI <jim.paretti@eeoc.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 4 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000000436 | OMB-Lawyers' Committee-000006-000008 | RE: EEO-1 Meeting | Mancini, Dominic J. EOP/OMB | To: JIM PARETTI <jim.paretti@eeoc.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 2017-450 | 1 - 8/6/2018 | OMB134FY1745 0_000001024 | OMB-Lawyers' Committee-000009-000011 | RE: EEO-1 Meeting | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop. gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 6 | 2017-450 | 1 - 8/6/2018 | OMB134FY1745 0_000001027 | OMB-Lawyers' Committee-000012-000014 | EEO-1 Meeting | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop. gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 7 | 2017-450 | 1 - 8/6/2018 | OMB134FY1745 0_000002539 | OMB-Lawyers' Committee-000015-000017 | RE: EEO-1 Meeting | Mancini, Dominic J. EOP/OMB | To: JIM PARETTI <jim.paretti@eeoc.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 8 | 2017-450 | 1 - 8/6/2018 | OMB134FY1745 0_000000029 | OMB-Lawyers' Committee-000018 | Re: Meeting: EEO-1 Discussion | JIM PARETTI | To: "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.go v> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000000071 | OMB-Lawyers'-Committee-000019-000021 | Meeting: EEO-1 Discussion | Pickitt, Kailey M. EOP/OMB | To: "Baitel, Rachael EOP/WHO" <rachael.baitel@who.eop.gov> \| "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> \| "Doyle, Emma K. EOP/OMB" <emma.k.doyle@omb.eop.gov> \| "McKee, Kara L. EOP/WHO" <kara.l.mckee@who.eop.gov> \| "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> \| "Radford, Julie T. EOP/WHO" <julie.t.radford@who.eop.gov> \| jim.paretti@eeoc.gov CC: "Amin, Stacy C. EOP/WHO" <stacy.c.amin@who.eop.gov> \| conway.molly.e@dol.gov | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 10 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000000431 | OMB-Lawyers'-Committee-000022-000024 | Re: EEO-1 Meeting | Mancini, Dominic J. EOP/OMB | To: JIM PARETTI <jim.paretti@eeoc.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 11 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000001452 | OMB-Lawyers'-Committee-000025 | Meeting Forward Notification: Meeting: EEO-1 Discussion | Pickitt, Kailey M. EOP/OMB | To: "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001836 | OMB-Lawyers' Committee-000026-000028 | Re: EEO-1 Meeting | dominic_j._mancini@omb.eop.gov | To: JIM PARETTI <jim.paretti@eeoc.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 13 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000002639 | OMB-Lawyers' Committee-000029-000031 | Re: EEO-1 Meeting | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 14 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001175 | OMB-Lawyers' Committee-000032 | Outline | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 15 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001176 | OMB-Lawyers' Committee-000033-000038 | EEO-1 Outline.docx | | | 6 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000000018 | OMB-Lawyers' Committee-000039 | Meeting Forward Notification: Meeting: EEO-1 Discussion | Pickitt, Kailey M. EOP/OMB | To: "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 17 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000000643 | OMB-Lawyers' Committee-000040 | Re: EEO-1/Memo for OIRA | Mancini, Dominic J. EOP/OMB | To: JIM PARETTI <jim.paretti@eeoc.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 18 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001562 | OMB-Lawyers' Committee-000041 | RE: EEO-1/Memo for OIRA | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 19 | 2017-450 | 1 - 8/6/2018 | OMB134FY174 50_000001565 | OMB-Lawyers' Committee-000042 | EEO-1/Memo for OIRA | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000001567 | OMB-Lawyers' Committee-000043-000057 | Attach1USC.doc | | | 15 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 21 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000001568 | OMB-Lawyers' Committee-000058-000060 | Attach2EEAC.docx | | | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 22 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000001566 | OMB-Lawyers' Committee-000061-000064 | EEO-1 Memo Rao 07.2017.docx | | | 4 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 23 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000001783 | OMB-Lawyers' Committee-000065 | Re: EEO-1/Memo for OIRA | Mancini, Dominic J. EOP/OMB | To: JIM PARETTI <jim.paretti@eeoc.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000002504 | OMB-Lawyers' Committee-000066 | Review and Stay of EEO-1 Form | Rao, Neomi J. EOP/OMB | To: victoria.lipnic@eeoc.gov CC: jim.paretti@eeoc.gov | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 25 | 2017-450 | 1 - 8/6/2018 | OMB134FY17450_000002508 | OMB-Lawyers' Committee-000069 | RE: Review and Stay of EEO-1 Form | VICTORIA A. LIPNIC | To: "Rao, Neomi J. EOP/OMB" <neomi.j.rao@omb.eop.gov> CC: JIM PARETTI <jim.paretti@eeoc.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 26 | 2017-451 | 1 - 8/6/2018 | OMB129FY17451_000000043 | OMB-Lawyers' Committee-000070 | | Michael Eastman\|EEAC | To: "Mulvaney, John M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 27 | 2017-451 | 1 - 8/6/2018 | OMB129FY17451_000000422 | OMB-Lawyers' Committee-000078 | | Nye, Joseph B. EOP/OMB | To: "Rao, Neomi J. EOP/OMB" <neomi.j.rao@omb.eop.gov> \| Michael Eastman\|EEAC <meastman@eeac.org> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 2017-451 | 1 - 8/6/2018 | OMB129FY1751_000001721 | OMB-Lawyers' Committee-000079 | | Michael Eastman\|EEAC | To: "Rao, Neomi J. EOP/OMB" <neomi.j.rao@omb.eop.gov> CC: "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 29 | 2017-453 | 1 - 8/6/2018 | OMB133FY1753_000001347 | OMB-Lawyers' Committee-000088 | Request for Additional Review of EEO-1 Form under the Paperwork Reduction Act | Johnson, Randel | To: "Mulvaney, John" <john.m.mulvaney@omb.eop.gov> CC: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> \| "Pickitt, Kailey M. EOP/OMB" <kailey.m.pickitt@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 30 | 2017-453 | 1 - 8/6/2018 | OMB133FY1753_000001117 | OMB-Lawyers' Committee-000098 | RE: Coalition Letter on EEO-1 Form Concerns | Peacock, Marcus C. EOP/OMB | To: "Johnson, Randel" <rjohnson@uschamber.com> CC: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 31 | 2017-453 | 1 - 8/6/2018 | OMB133FY1753_000001280 | OMB-Lawyers' Committee-000099 | Coalition Letter on EEO-1 Form Concerns | Johnson, Randel | To: "Mulvaney, John M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> CC: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> \| "Peacock, Marcus C. EOP/OMB" <marcus.c.peacock@omb.eop.gov> \| "Pickitt, Kailey M. EOP/OMB" <kailey.m.pickitt@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 2017-453 | 1 - 8/6/2018 | OMB133FY1753_000001239 | OMB-Lawyers'-Committee-000117 | Presentation at CEI: Paperwork Reduction Act | Johnson, Randel | To: "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 33 | 2017-453 | 1 - 8/6/2018 | OMB133FY1753_000000261 | OMB-Lawyers'-Committee-000127-000128 | New EEO-1 Information Collection Form | Johnson, Randel | To: "Rao, Neomi J. EOP/OMB" <neomi.j.rao@omb.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 34 | 2017-450 | 3 - 10/31/2018 | OMB255FY1750A_000000249 | - | EEO-1 Outline_jn.docx | | | 7 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 35 | 2017-450 | 3 - 10/31/2018 | OMB255FY1750A_000000258 | - | EEO-1 Outline.docx | | | 6 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 36 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000259 | OMB-Lawyer's Committee-000138 | FW: Two Things | Mancini, Dominic J. EOP/OMB | To: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 37 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000248 | OMB-Lawyer's Committee-000139-000140 | RE: Outline | Nye, Joseph B. EOP/OMB | To: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 38 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000257 | OMB-Lawyer's Committee-000141 | FW: Outline | Mancini, Dominic J. EOP/OMB | To: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> | "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 39 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000291 | OMB-Lawyer's Committee-000143-000158 | Professor Donald Tomaskovic-Devey comments on pay data collection by the EEOC.pdf | | | 16 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 40 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000139 | OMB-Lawyer's Committee-000166-000172 | RE: Call or meet next week | Bishop, Bradley E. EOP/OMB | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> CC: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Gray, John W. EOP/OMB" <john.w.gray@omb.eop.gov> | 7 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 41 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000156 | OMB-Lawyer's Committee-000173-000178 | Re: Call or meet next week | Gray, John W. EOP/OMB | To: "Bomberger, Melissa B. EOP/OMB" <melissa_benton_bomberger@omb.eop.gov> CC: "Bishop, Bradley E. EOP/OMB" <bradley.e.bishop@omb.eop.gov> | "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 6 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 42 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000193 | OMB-Lawyer's Committee-000179-000184 | FW: Call or meet next week | Bomberger, Melissa B. EOP/OMB | To: "Wang, Kan EOP/OMB" <kan_wang@omb.eop.gov> | 6 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 43 | 2017-450 | 3 - 10/31/2018 | OMB255FY17450A_000000089 | OMB-Lawyer's Committee-000186 | CLOSE HOLD: Draft EEO-1 re-review and stay memo | Nye, Joseph B. EOP/OMB | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 44 | 2017-450 | 3 - 10/31/2018 | OMB255FY1745 0A_00000000 2 | OMB-Lawyer's Committee-000191-000192 | Fwd: EEO-1 | Mancini, Dominic J. EOP/OMB | To: "Moore, Caroline E. EOP/OMB" <caroline.e.moore@omb.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 45 | 2017-450 | 3 - 10/31/2018 | OMB255FY1745 0A_00000027 3 | OMB-Lawyer's Committee-000193 | Review and Stay of EEO-1 Form | Rao, Neomi J. EOP/OMB | To: victoria.lipnic@eeoc.gov CC: jim.paretti@eeoc.gov | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 46 | 2017-450 | 3 - 10/31/2018 | OMB255FY1745 0A_00000027 4 | OMB-Lawyer's Committee-000194-000195 | Review and Stay Memo for EEOC 8.29.17_FINAL.pdf | | | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 47 | 2017-450 | 4 - 11/29/2018 | OMB255FY1745 0A_00000032 7 | OMB-Lawyer's Committee-000196-000198 | Re: EEO-1 Meeting | JIM PARETTI | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000814 | - | Re-review and Stay Memo for EEOC_jn vmj clean.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 49 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000819 | - | Re-review and Stay Memo for EEOC_clean.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 50 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000831 | - | Re-review and Stay Memo for EEOC_clean.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 51 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000910 | - | Re-review and Stay Memo for EEOC_clean.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 52 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000980 | - | EEO-1 Memo Rao 07.2017.docx | | | 4 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 53 | 2017-450 | 5 - 2/1/2019 | OMB255FY174 50A_00000098 1 | - | Attach1USC.doc | | | 15 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 54 | 2017-450 | 5 - 2/1/2019 | OMB255FY174 50A_00000098 2 | - | Attach2EEAC.docx | | | 3 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 55 | 2017-450 | 5 - 2/1/2019 | OMB255FY174 50A_00000090 4 | OMB-Lawyer's Committee-000202 | Contact Info. for Stakeholder Comments | CORBETT ANDERSON | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop. gov> CC: "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 56 | 2017-450 | 5 - 2/1/2019 | OMB255FY174 50A_00000077 5 | OMB-Lawyer's Committee-000203 | | Rao, Neomi J. EOP/OMB | To: "Palmieri, Rosario A. EOP/OMB" <rpalmieri@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 57 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000902 | OMB-Lawyer's Committee-000204 | final version of document | Palmieri, Rosario A. EOP/OMB | To: "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> \| "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> CC: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 58 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000870 | OMB-Lawyer's Committee-000205 | Reginfo posting for EEO-1 form | Nye, Joseph B. EOP/OMB | To: "Johnson, Michael D. EOP/OMB" <michael_d._johnson@omb.eop.gov> CC: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> \| "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 59 | 2017-450 | 5 - 2/1/2019 | OMB255FY17450A_000000871 | OMB-Lawyer's Committee-000206-000207 | Review and Stay Memo for EEOC 8.29.17_FINAL.pdf | | | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 60 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001764 | - | Re-review and Stay Memo for EEOC_rt djm.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 61 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001767 | - | Re-review and Stay Memo for EEOC_rt djm.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 62 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001900 | - | EEO-1 Outline_jn.docx | | | 7 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 63 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001907 | - | EEO-1 Outline.docx | | | 6 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 64 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002184 | - | Re-review and Stay Memo for EEOC_rt djm.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 65 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002191 | - | Re-review and Stay Memo for EEOC.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 66 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002197 | - | Re-review and Stay Memo for EEOC_rt.docx | | | 2 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. |
| 67 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002272 | OMB-Lawyer's Committee-0000020800000209 | RE: EEO-1 | | To: "VICTORIA A. LIPNIC" <victoria.lipnic@eeoc.gov> CC: JIM PARETTI <jim.paretti@eeoc.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 68 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001956 | OMB-Lawyer's Committee-0000021000000212 | FW: EEO-1 | Mancini, Dominic J. EOP/OMB | To: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> CC: "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> | "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 69 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000001399 | OMB-Lawyer's Committee-0000023300000239 | Re: Call or meet next week | Mancini, Dominic J. EOP/OMB | To: "Bishop, Bradley E. EOP/OMB" <bradley.e.bishop@omb.eop.gov> CC: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Gray, John W. EOP/OMB" <john.w.gray@omb.eop.gov> | 7 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 70 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002190 | OMB-Lawyer's Committee-0000024500000246 | RE: EEO-1 re-review and stay memo (predecisional and deliberative) | Rao, Neomi J. EOP/OMB | To: "Jain, Varun M. EOP/OMB" <varun_m_jain@omb.eop.gov> | "Nye, Joseph B. EOP/OMB" <joseph_b_nye@omb.eop.gov> CC: "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov> | "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop.gov> | "Theroux, Rich P. EOP/OMB" <richard_p._theroux@omb.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 71 | 2017-450 | 6 - 2/28/2019 | OMB255FY17450A_000002313 | OMB-Lawyer's Committee-0000024700000248 | Fwd: EEO-1 | Mancini, Dominic J. EOP/OMB | To: "Moore, Caroline E. EOP/OMB" <caroline.e.moore@omb.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 72 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000001116 | | EEO-1 Memo Rao 07.2017.docx | | | 1 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 73 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000001117 | | Attach1USC.doc | | | 1 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 74 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000001118 | | Attach2EEAC.docx | | | 1 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 75 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000002671 | | EEO-1 Outline.docx | | | 1 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 76 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000002452 | - | 2017-06-23 - Memorandum re Equal Pay_.docx | | | 7 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 77 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000002454 | - | EPA Affirmative Defense Memo (June 23 2017).docx | | | 9 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |
| 78 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000010263 | - | EEO-1 Outline_jn.docx | | | 7 | Withheld in Full | FOIA Exemption b(5) - Internal Deliberative Drafts. Withheld draft documents in the process of revision that do not reflect final agency decisions but are part of a decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection.  FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000005010 | OMB-Lawyer's Committee-000249-000257 | RE: Revised EEOC Supporting Statement for ADEA PRA Waiver (3046-0042 ) | "Nye, Joseph B. EOP/OMB" <"/o=organization/ou= exchange administrative group (fydibohf23spdlt)/cn=r ecipients/cn=837ecb10 860149d9a5195eb3b84 0d8b8-nye, joseph"> | To: SAVANNAH MARION <savannah.marion@eeoc.gov> CC: THOMAS SCHLAGETER <thomas.schlageter@eeoc.gov> | 9 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 80 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000002400 | OMB-Lawyer's Committee-000260-000261 | RE: EEO-1 | | To: "VICTORIA A. LIPNIC" <victoria.lipnic@eeoc.gov> CC: JIM PARETTI <jim.paretti@eeoc.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 81 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000000316 | OMB-Lawyer's Committee-000262-000264 | Re: EEO-1 Meeting | JIM PARETTI <jim.paretti@eeoc.gov > | To: "Mancini, Dominic J. EOP/OMB" <dominic_j._mancini@omb.eop. gov> | 3 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 82 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000012004 | OMB-Lawyer's Committee-000265 | Re: Meeting: EEO-1 Discussion | JIM PARETTI <jim.paretti@eeoc.gov > | To: "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.go v> | 1 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000010257 | OMB-Lawyer's Committee-000267-000270 | Background Memo on EEO-1 rt jn.docx | | | 4 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 84 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000010262 | OMB-Lawyer's Committee-000271-000272 | Fwd: Outline | "Campau, Anthony P. EOP/OMB" <"/o=organization/ ou=exchange administrative group (fydibohf23spdlt)/cn =recipients/cn=61c 7286a4083479c930 4f5cce88b361f-campau, ant"> | To: conway.molly.e@dol.gov | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 85 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000010095 | OMB-Lawyer's Committee-000300-000301 | EEO-1 Backgrounder.pdf | | | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |
| 86 | 2017-452 | 7 - 5/17/2019 | OMB238FY174 52_000010348 | OMB-Lawyer's Committee-000302-000303 | RE: Equal Pay day | "Doyle, Emma K. EOP/OMB" <"/o=exchange organization/ou=excha nge administrative group (fydibohf23spdlt)/cn=r ecipients/cn=d0e7a6ba af474625b5eea65575f3 6919-do"> | To: "Greene, Patricia G - WB" <greene.patricia.g@dol.gov> "McKee, Kara L. EOP/WHO" <kara.l.mckee@who.eop.gov> "Radford, Julie T. EOP/WHO" <julie.t.radford@who.eop.gov> | 2 | Produced in Part | FOIA Exemption b(5) - Internal Deliberations. The withheld/redacted information consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion. |

Appendix A - Vaughn Index

| Entry No. | FOIA Request | Production | Document ID | Production label range | Title | From | To/CC | Page Count | Production Status | Redaction Reason(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| 87 | 2017-452 | 7 - 5/17/2019 | OMB238FY17452_000003324 | | Meeting: EEO-1 Discussion | "Mulvaney, Mick M. EOP/OMB" <john.m.mulvaney@omb.eop.gov> | "Baitel, Rachael EOP/WHO" <rachael.baitel@who.eop.gov>; "Campau, Anthony P. EOP/OMB" <anthony.p.campau@omb.eop.gov>; "Doyle, Emma K. EOP/OMB" <emma.k.doyle@omb.eop.gov>; "McKee, Kara L. EOP/WHO" <kara.l.mckee@who.eop.gov>; "Radford, Julie T. EOP/WHO" <julie.t.radford@who.eop.gov>; jim.paretti@eeoc.gov | 3 | Produced in Part (9/18/19) | FOIA Exemption b(5) - Internal Deliberative documents withheld in full. The withheld document consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of the EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion, and no factual information could be segregated and released without revealing deliberative information. |