# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
and NATIONAL WOMEN'S LAW CENTER,

               Plaintiffs,

v.

OFFICE OF MANAGEMENT AND BUDGET,

               Defendant.

Civil Action No. 18-0645 (EGS)

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Emily J. Martin (DC Bar No. 481051)
emartin@nwlc.org
Maya Raghu (DC Bar No. 1035558)
mraghu@nwlc.org

National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
(202) 588-5180

Jon Greenbaum (D.C. Bar No. 489887)
Dariely Rodriguez (D.C. Bar No. 1631356)

Lawyers' Committee for Civil Rights Under
Law
1401 New York Avenue NW, Suite 400
Washington, DC  20005
(202) 662-8600

Daniel Goldberger (admitted pro hac vice)
goldberger.dan@dorsey.com
Colin Wicker (admitted pro hac vice)
wicker.colin@dorsey.com
Sam Bolstad (admitted pro hac vice)
bolstad.sam@dorsey.com

Dorsey & Whitney LLP

51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Attorneys for Plaintiffs the Lawyers'
Committee for Civil Rights Under Law and
the National Women's Law Center

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND......................................................................2

ARGUMENT .................................................................................................................................4

I.      SUMMARY JUDGMENT STANDARD...........................................................................4

II.     THE COURT SHOULD DENY DEFENDANT'S MOTION FOR SUMMARY
        JUDGMENT. ......................................................................................................................5

        A.      In Deciding Whether to Stay Pay Data Collection, OMB Was Required to
                Gather and Consider Information on a Specific and Narrowly Defined Set
                of Topics ................................................................................................................5

        B.      OMB Has Improperly Withheld Records Under FOIA Exemption 5. ...................6

                1.      OMB Failed to Demonstrate the Deliberative Nature of the
                        Withheld Documents. ...............................................................................11

                2.      OMB Failed to Produce Segregable Information. .....................................14

        C.      The Court Should Conduct an *In Camera* Review of the Challenged
                Documents. ...........................................................................................................18

CONCLUSION.............................................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACLU v. U.S. Dep't of Def.*,
  628 F.3d 612 (D.C. Cir. 2011)................................................................................7

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................................................4

*Bloche v. DOD*,
  279 F. Supp. 3d 68 (D.D.C. 2017) .........................................................................5

*Coastal States Gas Corp. v. Dep't of Energy*,
  617 F.2d 854 (D.C. Cir. 1980)..........................................................7, 8, 12, 13

*Ctr. for Biological Diversity v. United States EPA*,
  279 F. Supp. 3d 121 (D.D.C. 2017) ............................................................15, 17

*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) .....................................................................8, 9

*Dep't of Air Force v. Rose*,
  425 U.S. 352 (1976)................................................................................................7

*Dep't of the Interior & Bureau of Indian Affairs v. Klamath Water User
  Protective Ass'n*,
  532 U.S. 1 (2001)....................................................................................................7

*Fed. Trade Comm'n v. TRW, Inc.*,
  628 F.2d 207 (D.C. Cir. 1980)...............................................................................7

*Gallant v. NLRB*,
  26 F.3d 168 (D.C. Cir. 1994).....................................................................5, 9, 18

*George v. Leavitt*,
  407 F.3d 405 (D.C. Cir. 2005).............................................................................4

*Greenpeace v. National Marine Fisheries Serv.*,
  198 F.R.D. 540, 2000 WL 151915 (W.D. Wash. 2000) .....................................17

*Herbert v. Lando*,
  441 U.S. 153 (1979)..............................................................................................14

*Jordan v. U.S. Dep't of Justice*,
  591 F.2d 753 (D.C. Cir. 1978)..............................................................................11

*Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.,
    841 F. Supp. 2d 142 (D.D.C. 2012) ...............................................................7, 9, 13

Judicial Watch, Inc. v. U.S. Postal Serv.,
    297 F. Supp. 2d 252 (D.D.C. 2004) ..................................................................11, 12

Mapother v. Dep't of Justice,
    3 F.3d 1533 (D.C. Cir. 1993) ....................................................................................12

McKinley v. Bd. of Governors of Fed. Reserve Sys.,
    647 F.3d 331 (D.C. Cir. 2011) ..................................................................................11

Mead Data Cent., Inc. v. U.S. Dep't of Air Force,
    566 F.2d 242 (D.C. Cir. 1977) ..................................................................................16

Morley v. Cent. Intelligence Agency,
    508 F.3d 1108 (D.C. Cir. 2007) ..................................................................................4

Morley v. CIA,
    503 F.3d 1108 (D.C. Cir. 2007) ................................................................................14

NLRB v. Robbins Tire & Rubber Co.,
    437 U.S. 214 (1978) ....................................................................................................5

NLRB v. Sears, Roebuck & Co.,
    421 U.S. 132 (1975) ..................................................................................................11

*Pub. Citizen, Inc. v. OMB,
    598 F.3d 865 (D.C. Cir. 2009) ..................................................................4, 11, 12, 14

*Senate of P.R. v. Dep't of Justice,
    823 F.2d 574 (D.C. Cir. 1987) ......................................................................8, 12, 13

Steinberg v. U.S. Dep't of Justice,
    23 F.3d 548 (D.C. Cir. 1994) ......................................................................................4

STS Energy Partners LP v. FERC,
    82 F. Supp. 3d 323 (D.D.C. 2015) ............................................................................15

U.S. Dep't of Justice v. Tax Analysts,
    492 U.S. 136 (1989) ....................................................................................................7

*Vaughn v. Rosen,
    523 F.2d 1136 (D.C. Cir. 1975) ........................................................................ passim

Weisberg v. U.S. Dep't of Justice,
    627 F.2d 365 (D.C. Cir. 1980) ....................................................................................4

**Statutes**

Freedom of Information Act, 5 U.S.C. § 552 ........................................................ *passim*

Paperwork Reduction Act ........................................................................................2, 5

**Regulations**

5 C.F.R. § 1320.5(d)(1)............................................................................................6

5 C.F.R. § 1320.10 ..................................................................................... *passim*

81 Fed. Reg. 5113 (Feb. 1, 2016) .........................................................................2, 3

81 Fed. Reg. 45479 (July 14, 2016)........................................................................3

Plaintiffs—the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the National Women's Law Center ("NWLC," and collectively, "Plaintiffs")—respectfully submit this memorandum of law in opposition to Defendant Office of Management and Budget's ("OMB") motion for summary judgment.

## INTRODUCTION

Plaintiffs' lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeks records related to OMB's sudden and largely unexplained decision to halt an initiative previously approved by OMB for the collection of pay data from employers by the Equal Employment Opportunity Commission ("EEOC").  In connection with that decision, Plaintiffs submitted five FOIA requests to OMB on September 21, 2017 (the "Requests").  Having received no substantive response to their Requests for over five months, Plaintiffs commenced this action on March 21, 2018, seeking declaratory and injunctive relief requiring OMB to produce documents responsive to Plaintiffs' Requests.

In August 2018, OMB began producing records related to Plaintiffs' Requests, but ultimately produced fewer than 150 records, many of which were duplicative iterations of the same documents. Of those records produced, OMB redacted information from 64 documents, and withheld in full an additional 23 documents.

OMB now moves for summary judgment, relying on a declaration from Ms. Heather Walsh (the "Walsh Declaration"), Deputy General Counsel in the OMB Office of the General Counsel, as well as a *Vaughn* index that describes the documents withheld in full or in part. Taken together, the Walsh Declaration and the *Vaughn* index purport to explain the applicability of FOIA exemptions justifying the withholding of documents, particularly Exemption 5, 5 U.S.C. § 552(b)(5), and the inability to produce reasonably segregable information.

Plaintiffs challenge OMB's decision to withhold documents in full or in part and, in particular, draw the Court's attention to nine specific documents. OMB has construed Exemption 5 and the concept of non-segregable information far too broadly as applied to those documents, which likely contain relevant and non-privileged factual information given the nature of the administrative decision with which OMB was tasked: whether to stay data collection. OMB fails to adequately establish both the applicability of Exemption 5 and its supposed inability to produce reasonably segregable information.

Taken together, OMB has failed to meet its burden under Federal Rule of Civil Procedure 56(a). Thus, its motion must be denied. Given OMB's failure to properly apply Exemption 5, and given the limited number of documents subject to challenge, the Court should exercise its discretionary authority under 5 U.S.C. § 552(a)(4)(B) to conduct an *in camera* review of these documents to determine whether the withheld documents contain reasonably segregable information not subject to Exemption 5.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, the Equal Employment Opportunity Commission (the "EEOC") began a robust administrative process to identify ways to improve enforcement of federal laws prohibiting pay discrimination. (ECF #1 ¶ 5, hereinafter "Complaint" or "Compl."; ECF #13 ¶ 5, hereinafter "Answer" or "Ans.") Over the next six years, the EEOC commissioned a National Academy of Sciences Study, commissioned its own pilot study, and held a public hearing, among many other activities that engaged relevant stakeholders. Compl. ¶ 5; Ans. ¶ 5. On February 1, 2016, in a notice published in the Federal Register, the EEOC announced that it intended to submit to OMB a request for a three-year Paperwork Reduction Act approval for a revised Employer Information Report (EEO-1) data collection. *Agency Information Collection Activities: Revision of the Employer Information Report (EEO-1) and Consumer Request*, 81 Fed. Reg. 5113 (Feb. 1,

2016).  Specifically, the EEO-1 would be revised so as to add a component to collect pay data from certain employers.  *Id.*

On July 14, 2016, the EEOC gave notice that it was submitting its request for the three-year approval for the revised EEO-1 to OMB, and again solicited comments.  *Agency Information Collection Activities; Notice of Submission for OMB Review, Final Comment Request: Revision of the Employer Information Report (EEO-1)*, 81 Fed. Reg. 45479 (July 14, 2016).  On or about September 29, 2016, OMB approved the revisions to the EEO-1.  Compl. ¶ 9; Ans. ¶ 9.    However, on August 29, 2017, Neomi Rao, the then-Administrator of OMB's Office of Information and Regulatory Affairs, issued a memorandum stating that OMB was staying implementation of the revisions to the EEO-1 form and initiating a review of those same revisions.  Ex. B to OMB's Mot. ("Rao Memo") (ECF #26-4).  In the Memo, the Administrator specifically cited to 5 C.F.R. § 1320.10(f) and (g) as bases for the decision.  *Id.*

On September 20, 2017, Plaintiffs submitted the Requests pursuant to the FOIA seeking various documents related to OMB's decision to stay the use of the revised EEO-1.  Ex. A to OMB's Mot. (Declaration of Heather V. Walsh, hereinafter "Walsh Decl."), Exs. 1-5 (ECF #26-3).  OMB acknowledged receipt of the Requests on September 21, 2017.  Ans. ¶ 29, Compl. ¶ 29.  However, OMB did not respond to the Requests and on March 21, 2018, Plaintiffs filed this action.

Likely in response to the filing of this lawsuit, OMB began producing records responsive to Plaintiffs' Requests in August 2018. To date, OMB has produced fewer than 150 records total, which includes 64 documents that have been produced in redacted form. OMB has also withheld in full an additional 23 documents.

# ARGUMENT

## I.   SUMMARY JUDGMENT STANDARD

Summary judgment is warranted only when no genuine dispute of material fact exists, such that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A material fact dispute is "'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *George v. Leavitt*, 407 F.3d 405, 410 (D.C. Cir. 2005) (quoting *Anderson*, 477 U.S. at 248).  Thus, in considering a motion for summary judgment, the court must view the evidence "in the light most favorable to the nonmoving party."  *Id*.

FOIA requires an agency to release all records that are responsive to a proper request unless a statutory exemption protects the records from disclosure.  *See* 5 U.S.C. § 552(b); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980) ("[T]he defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." (internal citation and quotation marks omitted)).  The exemptions under FOIA "are construed narrowly in keeping with FOIA's presumption in favor of disclosure."  *Pub. Citizen, Inc. v. OMB*, 598 F.3d 865, 869 (D.C. Cir. 2009).  The agency bears the burden of proving that it has fulfilled its FOIA obligations.  *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

For summary judgment purposes, an agency may rely on an affidavit or declaration that is relatively detailed, nonconclusory, and made in good faith.  *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1116 (D.C. Cir. 2007).  However, conclusory and nonspecific declarations or affidavits are insufficient to support a grant of summary judgment.  *Id.*  Summary judgment may be granted on the basis of agency declarations only "if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into

4

question by contradictory evidence in the record or by evidence of agency bad faith." *Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994) (internal citation and quotation omitted); *see also Bloche v. DOD*, 279 F. Supp. 3d 68, 87 (D.D.C. 2017) (finding "no factual basis" to support a defendant's claim of privilege where the defendant "merely labels" a document and fails to provide "a sufficiently specific affidavit or *Vaughn* index").

Finally, production of the requested documents is consistent with the purposes of FOIA. That is, to vindicate the public's right to be part of "an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Put simply, OMB's withholding of the documents and information at issue here prevents the public from staying informed and meaningfully participating in a democratic society.

## II.   THE COURT SHOULD DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

### A.   In Deciding Whether to Stay Pay Data Collection, OMB Was Required to Gather and Consider Information on a Specific and Narrowly Defined Set of Topics

This case concerns the application of the deliberative process privilege. As OMB states in its memorandum, OMB deliberated about whether to stay the previously approved collection of pay data under the authority of the Paperwork Reduction Act and, in particular, the implementing regulations set forth at 5 C.F.R. § 1320.10(f) and (g). OMB Mem. (ECF #26-1), at 7.

Those regulations provide narrow and factually specific bases upon which OMB may initiate a review of a previously approved collection. The regulations do not encompass wide-sweeping policy considerations that would engender extensive deliberative communications.

5

Instead, under 5 C.F.R. § 1320.10(f), OMB may initiate a review of an approved collection of information if "circumstances have changed" or "the burden estimates provided by the agency at the time of submission were materially in error."  The circumstances in question are those relevant to the OMB's approval of a collection, and such approval is based upon the burdensomeness of the collection, the practical utility of the collection, and whether it is duplicative—*i.e.*, factual considerations.  5 C.F.R. § 1320.5(d)(1).  Section 1320.10(g) further provides the authority to stay such a collection for good cause.  Neither section purports to give OMB broad authority over the policy matters under the purview of individual agencies.  In deciding whether to review (and, if appropriate, suspend) a previously approved information-collection activity, OMB does not conduct an in-depth analysis that considers the full panoply of policy and political factors upon which policy is made at the agency level.  OMB is not, to use the example of this matter, acting in the same capacity as the EEOC.

Accordingly, in deciding whether to review and stay the collection of pay data, OMB is required to gather and consider the relevant facts regarding the supposed change in circumstances, *i.e.,* a change in the burden of pay data collection, the utility of pay data collection, and, if applicable, whether collecting such data would be duplicative.  Plaintiffs seek disclosure of **which** facts OMB gathered and considered, not **how** OMB considered, weighed, analyzed or applied those facts.  Revealing the facts that OMB gathered and considered in its review would not reveal the nature of OMB's deliberations, as there should be no dispute that OMB was required to consider facts on those specific topics.

### B.    OMB Has Improperly Withheld Records Under FOIA Exemption 5.

OMB failed to demonstrate the deliberative nature of the withheld documents, and failed to produce segregable information.  FOIA requires federal agencies to disclose records

responsive to a request "unless the documents fall within enumerated exemptions." *Dep't of the Interior & Bureau of Indian Affairs v. Klamath Water User Protective Ass'n*, 532 U.S. 1, 7 (2001) (citing 5 U.S.C. § 552(b)).  "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act."  *Id.* at 8 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)).  Thus, "[c]onsistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass."  *Id.* at 8 (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989)).

OMB withheld approximately half of all documents responsive to Plaintiffs' Requests, in whole or in part, under Exemption 5, which permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[1]  5 U.S.C. § 552(b)(5).  Courts have interpreted this exemption to include the attorney work-product privilege, the attorney-client privilege, and the executive deliberative process privilege.  *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980).

"An agency withholding responsive documents from a FOIA release bears the burden of proving the applicability of claimed exemptions," *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011), and the proponent of any privilege under Exemption 5 must "establish the claimed privilege with 'reasonable certainty.'"  *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 841 F. Supp. 2d 142, 153 (D.D.C. 2012) (quoting *Fed. Trade Comm'n v. TRW, Inc.*, 628 F.2d 207, 213 (D.C. Cir. 1980)).  Where, as here, the agency seeks to establish the applicability of FOIA exemptions through a declaration and *Vaughn* index, these materials must "describe the

---

[1] OMB also withheld relevant contact information based on the assertion of Exemption 6. Plaintiffs believe the redactions in question were applied too broadly, but are not challenging them.

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and [not be] controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (internal citations and quotation marks omitted).  Conclusory claims that simply reiterate the statutory standards for exemptions are not enough to sustain a summary judgment motion.  *See id.* at 90-91.  The Court is empowered to "order the production of any agency records improperly withheld," and "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions" set forth in the statute.  5 U.S.C. § 552(a)(4)(B).

The Walsh Declaration and OMB's *Vaughn* index are insufficient to carry OMB's burden of establishing the applicability of Exemption 5 to most—if not all—of the documents withheld. As a preliminary matter, OMB has demonstrably failed to provide both the Court and Plaintiffs with sufficiently detailed information to allow proper evaluation of OMB's assertions of privilege.  To carry its burden, OMB must provide the reviewing court "sufficient information to allow [it] to make a reasoned determination" that privilege applies.  *Coastal States*, 617 F.2d at 861.  The majority of entries in OMB's *Vaughn* index provide nothing but a bare description of the document withheld and a rote recitation of the privilege claimed.  OMB generally fails to explain why or how the privilege is applicable to particular documents.  The limited information provided is insufficient to carry OMB's burden, and the Court should deny OMB's motion with respect to Exemption 5 on that ground alone.  *See*, *e.g.*, *Senate of P.R. v. Dep't of Justice*, 823 F.2d 574, 584-85 (D.C. Cir. 1987) (holding that agency failed to establish applicability of Exemption 5 where it generally provided "each document's issue date, its author and intended

recipient, and the briefest of references to its subject matter"); *Judicial Watch*, 841 F. Supp. 2d at

154-55 (holding *Vaughn* index insufficient where it "simply parrot[ed] selected elements of the

attorney-client privilege" and provided only brief, general descriptions of documents withheld);

*see also Defenders of Wildlife*, 623 F. Supp. 2d at 89 (holding that the agency's *Vaughn* index

was insufficient because it did not provide specific explanations for why Exemption 5 privileges

applied).

   Moreover, OMB improperly withheld public, segregable information under Exemption 5,

and its justifications for doing so are simply not credible.  Specifically, OMB redacted

information under Exemption 5 that it produced elsewhere in the production. As a result,

Plaintiffs were able to verify that certain redacted information was improperly withheld. For

example, OMB's first production to Plaintiffs in August 2018 included the complete production

of an email titled "Re: Meeting: EEO-1 Discussion" (Bates number 000018), but a later

production by OMB redacted the entire body of the message under Exemption 5 (Bates number

000199).  *Compare* Goldberger Decl., Ex. A, *with id.* Ex. B.  The information redacted by OMB

under the auspices of Exemption 5 included nothing more than the date, time, location, and

invited participants for a meeting.  It is black letter law that summary judgment may not be

granted on the basis of agency declarations that are "called into question by contradictory

evidence in the record."  *Gallant*, 26 F.3d at 171.  Here, OMB relies on the Walsh Declaration to

assert that the information was subject to Exemption 5 and could not be reasonably segregated

and produced.  But the contradictory nature of OMB's redactions, and OMB's facially improper

use of Exemption 5 underscores the close scrutiny the Court should apply when evaluating OMB's claim that it has complied with its FOIA obligations.[2]

Although OMB's *Vaughn* index is insufficient as a whole, Plaintiffs focus on certain key documents exemplify OMB's inadequate showing. A review of both the *Vaughn* index entries and, ultimately, an *in camera* review, will demonstrate that Exemption 5 does not properly apply to them. Plaintiffs specifically contest the applicability of the exemption to the following documents (collectively, "Index Documents," and individually, "Index Entry #" by number):

    1.    Document titled "EEO-1 Outline.docx." Ex. A to OMB Mot., App'x A (ECF #26-3) at 4, Index Entry # 15.

    2.    Document titled "EEO-1/Memo for OIRA," and attachments "Attach1USC," "Attach2EEAC," and "EEO-1 Memo Rao 07.2017.docx." *Id.* at 5-6, Index Entries #19-22.

    3.    Email with the subject line "Call or meet next week," specifically the email from Victoria Lipnic to Julie Radford at 8:44:39 p.m. EDT, July 10, 2017. *Id.* at 11, Index Entry #40.

---

[2] Plaintiffs also note that OMB redacted information from a submission by Professor Don Tomaskovic-Devey from the University of Massachusetts Amherst under a deliberative process privilege claim. Index Entry # 39. However, the redactions in question appear to be of personal information, and OMB provides no explanation of how material received from an outside academic could be protected by the deliberative process privilege. *Compare* Goldberger Decl., Ex. C (attaching Professor Tomaskovic-Devey's submission, with redactions applied by OMB for personal information under Exemption 6), *with* Ex. A to OMB Mot., App'x A (ECF #26-3) at 10 (stating that OMB redacted this information as protected by the deliberative process privilege under Exemption 5). There are similar issues with entries 26, 28, 29, and 31 from the *Vaughn* index. While these issues are themselves relatively minor, they demonstrate the lack of care taken by OMB when determining whether, and under what bases, records should be withheld under Exemption 5.

4.      Document titled "2017-06-23 Memorandum re Equal Pay_.docx."  *Id.* at

20, Index Entry #76.

5.      Document titled "EPA Affirmative Defense Memo (June 23 2017)." *Id.* at

20, Index Entry #77.

6.      Document titled "Background Memo on EEO-1 rt jn.docx." *Id.* at 22,

Index Entry #83.

### 1.    OMB Failed to Demonstrate the Deliberative Nature of the Withheld Documents.

The deliberative process privilege protects the integrity of the "decision making

processes of government agencies" by protecting from disclosure certain internal

communications directly related to agency decision-making.  *NLRB v. Sears, Roebuck & Co.*,

421 U.S. 132, 150 (1975).  To justify nondisclosure under this privilege, agency communications

must be both (1) predecisional and (2) deliberative.  *McKinley v. Bd. of Governors of Fed.*

*Reserve Sys.*, 647 F.3d 331, 339 (D.C. Cir. 2011).  "Predecisional" means that the

communication is "antecedent to the adoption of an agency policy."  *Judicial Watch, Inc. v. U.S.*

*Postal Serv.*, 297 F. Supp. 2d 252, 259 (D.D.C. 2004) (quoting *Jordan v. U.S. Dep't of Justice*,

591 F.2d 753, 774 (D.C. Cir. 1978)).

"Deliberative" means the communication "is one that is 'a direct part of the deliberative

process in that it makes recommendations or expresses opinions on legal or policy matters.'" *Id.*

(quoting *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975)).  Crucially, "[o]nly those

portions of a predecisional document that reflect the give and take of the deliberative process

may be withheld."  *Public Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 876 (D.C.

Cir. 2009).  To establish this element of the privilege, the agency must "identify the role of a

contested document in a specific deliberative process." *Judicial Watch*, 297 F. Supp. 2d at 259 (citing *Coastal States*, 617 F.2d at 868).

In order to carry its burden, an agency must provide specific information to establish each element of the privilege. "[W]here no factual support is provided for an *essential* element of the claimed privilege or shield, the label 'conclusory' is surely apt," and the agency has failed to carry its burden. *Senate of P.R.*, 823 F.2d at 585. Additionally, the deliberative process privilege, "like all FOIA exemptions, must be construed as narrowly as consistent with efficient Government operation." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (internal citation and quotation marks omitted).

OMB asserts the deliberative process privilege over each of the above-referenced documents. To carry its burden of establishing the applicability of the privilege, OMB must at the very least "establish 'what deliberative process is involved, and the role played by the documents in issue in the course of that process.'" *Senate of P.R.*, 823 F.2d at 585-86 (quoting *Coastal States*, 617 F.2d at 868). Further, OMB must show that each document withheld constitutes "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters" or "provide[s] candid or evaluative commentary." *Public Citizen*, 598 F.3d at 876.

OMB's assertions of the deliberative process privilege are conclusory in every respect, and consequently OMB fails to carry its burden. In particular, OMB broadly claims in its brief that the documents are properly withheld under the privilege because they either "contain recommendations, advice, and opinions on legal and policy matters relating to OMB's pending decision," or are draft documents that address "the ongoing decision-making process regarding OMB's decision." OMB Mem. (ECF #26-1) at 8-9. OMB repeats this exact same explanation

for 60 of its 87 entries in the *Vaughn* index, including each of the documents challenged by Plaintiffs (Index Entry #s 19-22, 40, 76, 77, and 83).  OMB's generic, blanket description— which purports to cover every document withheld or redacted by OMB under Exemption 5—is insufficient to establish the applicability of the exemption.  *See*, *e.g.*, *Coastal States,* 617 F.2d at 861 ("[C]onclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases.").

More specifically, the *Vaughn* index contains numerous entries that do not specify whether the withheld document is connected to a decision-making process in any way.  For example, OMB redacted the entirety of the EEO-1 Outline (Index. Entry #15).  OMB claims that this document "consists of deliberations internal to the Executive Branch regarding OMB's then-pending decision whether to issue a review and stay of EEOC's pay data collection that was under consideration among staff of OMB at the time of the discussion."  OMB Mem. Ex. A, App'x A (Dkt. No. 26-3) at 4.  OMB's provided explanation in the *Vaughn* index identifies OMB's ultimate decision (to stay the EEO-1 pay data collection) and establishes that the document is pre-decisional.  But OMB's explanation does nothing to explain the deliberative nature of the document, nor the role it played in the deliberative process; rather, OMB simply claims the document "consists of deliberations."  *Id.*  OMB's explanation does not "establish 'what deliberative process is involved, and the role played by the documents in issue in the course of that process.'"  *Senate of P.R.*, 823 F.2d at 585-86 (quoting *Coastal States*, 617 F.2d at 868); *see also Judicial Watch*, 841 F. Supp. 2d at 154-55 (holding *Vaughn* index insufficient where it "simply parrot[ed]" the elements of the legal standard for privilege to apply).  Here, even the most cursory review demonstrates that OMB made no attempt to explain what role each of these documents played in the deliberative process.

Notably, the titles of two of the documents, Attach1USC (Index Entry #20) and Attach2EEAC (Index Entry #21), appear to refer to two non-governmental organizations: the United States Chamber of Commerce and the Equal Employment Advisory Council.  The OMB has provided no explanation of how those documents, which presumably discuss those organizations or contain information from them, fit within the scope of the deliberative process privilege.

OMB failed to carry its burden in establishing that the deliberative process privilege applies to these documents.  The Walsh Declaration provides a general discussion of OMB's process but, like the *Vaughn* index, does not provide any explanation sufficient to justify the withholding of the individual documents.  That failure constitutes an independent ground for denying OMB's motion for summary judgment.

## 2.     OMB Failed to Produce Segregable Information.

The deliberative process privilege protects only the deliberative or policymaking process, it does not protect factual material.  *Herbert v. Lando*, 441 U.S. 153, 193 (1979).  Accordingly, factual material that does not reveal the deliberative process is not protected by Exemption 5. *Morley v. CIA*, 503 F.3d 1108, 1127 (D.C. Cir. 2007).  Even where documents are subject to the deliberative process privilege, an agency must release "those portions of predecisional and deliberative documents that contain factual information that does not inevitably reveal the government's deliberations."  *Public Citizen*, 598 F. 3d at 876 (internal citation and quotation omitted).  Given the nature of the decision made by the OMB, which should have involved a consideration of the factual matters required by the applicable rules, the documents in question likely contain factual material and that material should be disclosed.

The decision OMB faced when considering staying the EEO-1 collection of pay data required a straightforward statement of the facts: OMB review of the collection of information "will be made only when relevant circumstances have changed or the burden estimates provided by the agency at the time of initial submission were materially in error." 5 C.F.R. § 1320.10(f). The Rao Memo flatly stated, "OMB has determined that each of these conditions for review has been met." Ex. B to OMB Mot. (ECF #26-4). But OMB did not produce a single document addressing those facts, claiming an inability to segregate those facts from the deliberative process privilege.

To that end, the Walsh Declaration provides little more than conclusory and boilerplate legal recitations to justify OMB's failure to segregate. For example, the Walsh Declaration states that OMB determined that all facts discussed within the withheld documents "are inextricably intertwined with deliberative discussion, opinions, and policy recommendations, such that disclosing any facts, and how they are presented, would reveal the thought processes of OMB during deliberations." Ex. A to OMB Mot., ¶ 20 (ECF #26-3). That is insufficient. Indeed, OMB offered no meaningful basis to conclude that it has released all segregable, nonexempt portions of the documents; its statement on segregability boils down to a blanket statement that the nonprivileged facts are "inextricably intertwined with deliberative discussion." This is nothing more than repeating the legal standard for assessing segregability, which falls well short of OMB's burden. *See Ctr. for Biological Diversity*, 279 F. Supp. 3d at 149-50 ("[W]here the FOIA requests seek records regarding the agency's straight-forward task of making factual determinations," the agency's "conclusory statement is wholly insufficient to meet [the agency]'s burden of demonstrating that non-exempt material related to facts and science cannot be segregated and disclosed."); *STS Energy Partners LP v. FERC*, 82 F. Supp. 3d

15

323, 336-337 (D.D.C. 2015) (holding that a declaration stating that factual portions "are inextricably intertwined" and that there was "no additional segregable information" were "wholly conclusory," and holding that "conclusions, without more, will not cut it under FOIA.")

To meet its burden, OMB is required to provide a "relatively detailed justification showing with reasonable specificity why a document cannot be redacted instead of withheld in full" including information regarding what "proportion of the information in the document is non-exempt and how that material is dispersed through the document." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977) (internal citations and quotation marks omitted).   OMB failed to carry its burden in establishing that there was no reasonably segregable information in these documents that could be produced to Plaintiffs.  That failure constitutes yet another independent ground for denying OMB's motion for summary judgment.

OMB may argue in its reply that revealing specific facts gathered in the documents in question would provide insight into the content of the deliberations engaged in by executive branch personnel in question.  However, in this case the types of factual information that OMB should have gathered and considered are governed by federal regulation, namely, 5 C.F.R. § 1320.10(f) and (g).  Federal regulation imposes a standard that requires OMB to gather information about the burdens of complying with the revised EEO-1 form.  The Rao Memo unequivocally stated that "OMB has determined that each of these conditions for review has been met."  Ex. B to OMB Mot. (ECF #26-4).  Yet OMB produced no documents that contain these (or any similar) facts.  In short, and notwithstanding OMB's assertions to the contrary, this information is not protected by the deliberative process privilege; revealing that OMB gathered information as required by federal regulation would not provide any insight into the opinions and analysis offered by agency employees as OMB was required to consider such information.

Plaintiffs seek disclosure only of the facts that OMB gathered and considered.  A claim by OMB that it properly withheld all such factual information—because disclosure would reveal executive deliberations—is highly suspect.

Courts have held that such straightforward legal standards require decisions that are "not policy-oriented," but rather "factual," and therefore not subject to Exemption 5.  *See Ctr. for Biological Diversity v. United States EPA*, 279 F. Supp. 3d 121, 151 (D.D.C. 2017); *Greenpeace v. National Marine Fisheries Serv.*, 198 F.R.D. 540, 2000 WL 151915 (W.D. Wash. 2000).  Whether an analytical expertise is later brought to bear "does not transform interpretations of facts into communications protected by the deliberative process privilege."  *Greenpeace*, 198 F.R.D. at 544.  In other words, the privilege extends only to "expert opinion [that] relate[s] to an exercise of discretionary policy-making judgment," a limited exception to fact-intensive decisions like the one faced by OMB.  *See id.*  Given courts' narrowly circumscribed treatment of protected information in such fact-intensive decisions, OMB cannot credibly contend that Exemption 5 requires withholding the entirety of these documents based on issues of non-segregability.  Ultimately, OMB's conclusory descriptions of the communications over which they assert privilege and non-segregability do not suffice.

In summary, OMB's motion for summary judgment should be denied for any one of three independent reasons.  First, OMB's *Vaughn* index is insufficient to allow the Court to reasonably evaluate OMB's assertions that Exemption 5 justifies their withholding information from approximately **half** of the responsive documents.  OMB also failed to carry its burden of establishing the applicability of the deliberative process privilege to the specific documents discussed above.

Second, the Walsh Declaration fails to establish that none of the withheld information could be segregated and produced.  The decision OMB faced when considering EEO-1 collection of pay data required a straightforward statement of the facts: what were the "circumstances" that "changed," and what "burden estimates" were "materially in error." 5 C.F.R. § 1320.10(f). OMB did not produce a single document addressing those facts, claiming an inability to segregate those facts from the deliberative communications, but it did not provide sufficient explanation supporting that conclusion.  Instead, it hid behind a parroting recitation of the legal standard for assessing segregability.

Finally, OMB improperly withheld segregable information under Exemption 5.  Not only was OMB inconsistent and overbroad in its application of Exemption 5 to withhold public, segregable information, but its justifications for doing so are simply not credible.  OMB's inconsistent application has revealed the type of information that OMB has sought to withhold: *factual and segregable*.  Because summary judgment may not be granted on the basis of agency declarations that are "called into question by contradictory evidence in the record or by evidence of agency bad faith" *Gallant*, 26 F.3d at 171, the Court should deny OMB's motion.

## C.   The Court Should Conduct an *In Camera* Review of the Challenged Documents.

FOIA authorizes the Court to conduct an *in camera* review of withheld documents to determine whether they contain reasonably segregable information not subject to Exemption 5. *See* 5 U.S.C. § 552(a)(4)(B).  While the Court is not required to conduct such an *in camera* review, it does have the discretion to do so.  Here, an *in camera* review is necessary in light of OMB's failure to properly apply Exemption 5.  Moreover, the Court's review will most efficiently resolve the dispute, given the limited number of documents that Plaintiffs have challenged.  With only 56 pages for the Court to review, it can expeditiously review the withheld

or redacted information and determine whether the documents are truly deliberative and, in addition, whether they contain segregable material that is not protected by the deliberative process privilege.

## **CONCLUSION**

OMB failed to carry its burden of demonstrating that the records and material identified in the *Vaughn* index are exempt from disclosure.  Accordingly, Plaintiffs respectfully request that the Court deny OMB's motion for summary judgment.

Dated:  October 25, 2019

Respectfully submitted,

/s/ Sam Bolstad

Emily J. Martin (DC Bar No. 481051)
emartin@nwlc.org
Maya Raghu (DC Bar No. 1035558)
mraghu@nwlc.org

National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
(202) 588-5180

Daniel Goldberger (admitted pro hac vice)
goldberger.dan@dorsey.com
Colin Wicker (admitted pro hac vice)
wicker.colin@dorsey.com
Sam Bolstad (admitted pro hac vice)
bolstad.sam@dorsey.com

Dorsey & Whitney LLP

51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Jon Greenbaum (D.C. Bar No. 489887)
Dariely Rodriguez (D.C. Bar No. 1631356)

Lawyers' Committee for Civil Rights Under
Law
1401 New York Avenue NW, Suite 400
Washington, DC  20005
(202) 662-8600

Attorneys for Plaintiffs the Lawyers' Committee
for Civil Rights Under Law and the National
Women's Law Center

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of October, 2019, a copy of the foregoing

Opposition to Defendant's Motion for Summary Judgment, Memorandum of Law, Statement of

Facts and Order was served upon Defendant's counsel, via the Court's Electronic Filing System,

as follows:

       Daniel P. Schaefer
       Assistant United States Attorney
       555 4th Street, N.W.
       Washington, D.C. 20530


                                   /s/ Sam Bolstad
                                   Sam Bolstad