UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | Civil Action No. 18-0645 (EGS) |

**PLAINTIFFS' COUNTER-STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS A GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h) and paragraph 13 of the Standing Order, Plaintiffs submit this Counter-Statement of Material Facts as to Which There is a Genuine Issue in response to the Statement of Material Facts as to Which There is No Genuine Issue (ECF #26-2) submitted by Defendant Office of Management and Budget ("OMB").

| | |
|---|---|
| 1. Plaintiffs submitted five FOIA requests to OMB on September 20, 2017 (the "Requests"). Walsh Decl. ¶ 3. OMB designated these Requests with case numbers 2017-449, 2017-450, 2017-451, 2017-452, and 2017-453. *Id.* | 1. Admitted. |
| 2. Plaintiffs' Requests sought records regarding the order by OMB's Office of Information and Regulatory Affairs initiating an indefinite stay and review of the Equal Employment Opportunity Commission's ("EEOC") collection of pay data through its updated EEO-1 form. True and accurate copies of the Requests are attached hereto as Exhibits 1-5. *Id.* ¶ 3. | 2. Admitted. |
| 3. For all productions in this matter for all five Requests, OMB withheld 87 responsive | 3. Admitted, except that Plaintiffs dispute that OMB has made the necessary showing with |

| | |
|---|---|
| records in full or in part pursuant to FOIA Exemption 5. *Id.* ¶ 5. More specifically, OMB withheld in full 23 documents and partially redacted information from 64 documents under Exemption 5 pursuant to the deliberative process privilege. *Id.* ¶ 9. | regard to the propriety of certain of its redactions and withholdings. |
| 4. With respect to the threshold requirement of Exemption 5, each of the records that OMB withheld in full or in part under Exemption 5 contained inter-agency or intra-agency communications. *Id.* ¶ 9. None of the information that OMB withheld under Exemption 5 was shared with anyone outside the Executive Branch. *Id.* | 4. Admitted, except that Plaintiffs have identified documents in which material from persons outside the executive branch were redacted under a claim of deliberative process privilege.  For example, OMB redacted information under the auspice of this privilege despite the fact that the document involved communications from Professor Don Tomaskovic-Devey from the University of Massachusetts Amherst.  See Ex. A to OMB Mot., App'x A (ECF #26-3) at Index Entry #39.  There are similar issues with entries 26, 28, 29, and 31 from the *Vaughn* index. |
| 5. With respect to the remaining elements of the deliberative process privilege, OMB determined that all of the information that OMB withheld was both pre-decisional and deliberative. *Id.* ¶ 10. The withheld information contains pre-decisional and deliberative communications or draft documents in the process of revision that do not reflect final agency decisions. *Id.* | 5. Denied.  Plaintiffs do not dispute that OMB made the determinations in question, but dispute that (1) OMB made the correct determinations, and (2) state that OMB has not presented information in its *Vaughn* index or Declaration sufficient to show that all the records it withheld are protected by the deliberative process privilege and did not contain segregable factual content.  Plaintiffs dispute the statements in Paragraph 5 and further state that the paragraph contains legal conclusions, not purely factual matters. |
| 6. These discussions and drafts were all created as part of a decision-making process conducted among staff in OMB in consultation with other components of the Executive Office of the President and Executive Branch agencies pursuant to authority delegated to OMB by the Paperwork Reduction Act, 44 U.S.C. §§ 3501–3521, over the approval of collection of information by the federal government. *Id.* ¶ 11. In this case, the collection of information under consideration was the EEOC's pay-data collection for employers using the EEOC's EEO-1 form. *Id.* | 6. Admitted. |

| | |
|---|---|
| 7. In particular, the deliberations in the information being withheld concern the then-pending decision by OMB on whether to issue a letter initiating a review and stay of the EEO-1 form. *Id.* ¶ 12. This information is pre-decisional because all of the information withheld predated OMB's final decision on August 29, 2017. *Id.* | 7. Admitted. |
| 8. The redacted information reflects confidential discussions and deliberations that informed OMB's internal policy formulation process regarding OMB's final decision on the review of the EEO-1 form. *Id.* ¶ 13. OMB redacted such information from these records to protect frank discussions from being chilled by the effects of public scrutiny of the deliberative process. *Id.* | 8. Denied. Plaintiffs do not dispute that OMB made redactions, but (1) dispute that OMB's redactions are justified under Exemption 5, and (2) state that OMB has not presented information in its *Vaughn* index or Declaration sufficient to show that all the material it redacted is protected by the deliberative process privilege and did not contain segregable factual content. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |
| 9. In the case of draft documents that were withheld in full, such documents were withheld in the process of revision and do not reflect final agency decisions but are part of both a decisionmaking process regarding the final composition of such documents, and also the larger decisionmaking process regarding OMB's decision whether to issue a review and stay of the EEOC's pay data collection. *Id.* ¶ 14. | 9. Denied. Plaintiffs do not dispute that OMB withheld full documents, but (1) dispute that OMB made the correct redactions, and (2) state that OMB has not presented information in its *Vaughn* index or Declaration sufficient to show that all the records it withheld are protected by the deliberative process privilege and did not contain any segregable factual content. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |
| 10. The compelled disclosure of the records and information withheld or redacted due to the deliberative process privilege would inhibit the frank and candid expression of views and the sharing of information that are essential for OMB to carry out its responsibilities, and would greatly impair the free exchange of information, ideas and analysis within OMB, and between OMB and other agencies in the Executive Branch. *Id.* ¶ 15. As a consequence, disclosure would have an adverse impact on the quality of Executive Branch decision-making on a type of decision that occurs frequently within OMB and, as noted previously, is specifically delegated to OMB in the Paperwork Reduction Act. *Id.* | 10. Denied. OMB has not shown through its *Vaughn* Index or Declaration that all the material withheld and redacted was protected by the deliberative process privilege and that none of the information gathered could be segregated and disclosed without intruding into the deliberative process. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |

| | |
|---|---|
| 11. The effectiveness of the deliberative process that OMB conducts pursuant to this statute depends on preserving an environment in which Executive Branch officials can explore issues thoroughly and present their views, concerns, and recommendations candidly. *Id.* ¶ 16. The decision-making process regarding approval of data collection is often a lengthy iterative process, where OMB staff gather information from agencies and other sources, consolidate what they have learned, evaluate and analyze the data, and develop policy recommendations. *Id.* These recommendations are reviewed and potentially revised as more information and viewpoints are accumulated. *Id.* The documents at issue here, all of which were generated during the above-described decision-making process, contain the deliberations of OMB staff as they considered recommendations and developed options for consideration by OMB's policy officials. *Id.* | 11. Denied. Plaintiffs specifically dispute the statements in Paragraph 11 as they relate to the information gathered in connection with data collection decisions. Plaintiffs state that OMB is required to gather and consider such information, such as that relating to the burden of data collection, and, therefore, maintaining an environment in which officials can provide candid opinions does not depend on withholding such information from the public. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |
| 12. OMB relies on the expertise of other agencies about the details of their respective programs and operations. *Id.* ¶ 17. Without the assurance of confidentiality, such agencies would not provide OMB the type of information it needs to properly inform the President and to implement and oversee the Administration's priorities. *Id.* If such information were to be publicly disclosed, the frank exchange of confidential opinions and analysis among Executive Branch officials and staff would be significantly inhibited. *Id.* | 12. Denied. Plaintiffs specifically dispute the statements in Paragraph 12 as they relate to the information gathered in connection with data collection decisions. Plaintiffs state that OMB is required to gather and consider such information, including information from other agencies, such as that relating to the burden of data collection, and, therefore, maintaining an environment in which officials can provide candid opinions does not depend on withholding such information from the public. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |
| 13. The policy deliberations reflected in these documents are representative of the kinds of deliberations that take place every day at OMB. *Id.* ¶ 18. While the specific subject matter, content, and course of deliberations vary, the deliberative process is generally similar with respect to the overall way in which OMB works with the White House, other components in the Executive Office of the President, and Executive Branch agencies | 13. Denied. Plaintiffs specifically dispute the statements in Paragraph 13 as they relate to the information gathered in connection with data collection decisions. Plaintiffs state that OMB is required to gather and consider such information, such as that relating to the burden of data collection, and, therefore, maintaining an environment in which officials can provide candid opinions does not depend on withholding such information from the |

4

| | |
|---|---|
| when analyzing policies or legal issues. *Id.* Maintaining the confidentiality of these types of pre-decisional and deliberative communications is critical for OMB to carry out its mission. *Id.* | public. Plaintiffs further state that the paragraph contains legal conclusions, not purely factual matters. |
| 14. In conducting a document-by-document review of all the records located by OMB that are responsive to the FOIA Requests, OMB carefully assessed whether any factual or otherwise nonexempt information could be segregated and disclosed pursuant to 5 U.S.C. § 552(b). *Id.* ¶ 19. OMB has determined that all nonexempt segregable information has been released. *Id.* | 14. Denied. Plaintiffs do not dispute that OMB made the assessments and determinations described, but (1) dispute that OMB made the correct assessments and determinations, and (2) state that OMB has not presented information in its *Vaughn* index or Declaration sufficient to show that the records it withheld did not contain segregable factual content. The deliberations in question should have required the collection of specific information, none of which has been disclosed. |
| 15. In particular, OMB determined, with respect to each record withheld in full under Exemption 5 due to the deliberative process privilege, that the record consists of discussions involving economic, legal, and policy issues, in which facts are inextricably intertwined with deliberative discussion, opinions, and policy recommendations, such that disclosing any facts, and how they are presented, would reveal the thought processes of OMB during deliberations. *Id.* ¶ 20. | 15. Denied. Plaintiffs do not dispute that OMB made the determinations in question, but (1) dispute that OMB made the correct determinations, and (2) state that OMB has not presented information in its *Vaughn* index or Declaration sufficient to show that the records it withheld did not contain segregable factual content. The deliberations in question should have required the collection of specific factual information, such as information regarding the burden of collecting pay data, which could have been disclosed without revealing the thought processes of OMB officials as OMB was required to gather such information regardless of those officials' opinions and thought processes. |

| | |
|---|---|
| Dated:  October 25, 2019 | Respectfully submitted,<br><br>/s/ Sam Bolstad<br>Emily J. Martin (DC Bar No. 481051)<br>emartin@nwlc.org<br>Maya Raghu (DC Bar No. 1035558)<br>mraghu@nwlc.org<br><br>National Women's Law Center<br>11 Dupont Circle, NW, Suite 800<br>Washington, DC 20036<br>(202) 588-5180<br><br>Daniel Goldberger (admitted pro hac vice)<br>goldberger.dan@dorsey.com<br>Colin Wicker (admitted pro hac vice)<br>wicker.colin@dorsey.com<br>Sam Bolstad (admitted pro hac vice)<br>bolstad.sam@dorsey.com<br><br>Dorsey & Whitney LLP<br><br>51 West 52nd Street<br>New York, NY 10019-6119<br>(212) 415-9200<br><br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>(612) 340-2600<br><br>Jon Greenbaum (D.C. Bar No. 489887)<br>Dariely Rodriguez (D.C. Bar No. 1631356)<br><br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Avenue NW, Suite 400<br>Washington, D.C. 20005<br>(202) 662-8600<br><br>Attorneys for Plaintiffs the Lawyers' Committee for Civil Rights Under Law and the National Women's Law Center |