**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

LAWYERS' COMMITTEE FOR CIVIL
 RIGHTS, *et al.*,

                    *Plaintiffs*,

       *v.*                                    Case No. 18-cv-645 (EGS)

U.S. OFFICE OF MANAGEMENT AND
  BUDGET,

                    *Defendant.*

---

## MEMORANDUM OPINION

     This case arises out of five Freedom of Information Act
("FOIA"), 5 U.S.C. § 552, requests Plaintiffs the Lawyers
Committee for Civil Rights and the National Women's Law Center
(collectively "Plaintiffs") made to Defendant, the Office of
Management and Budget ("OMB"). Plaintiffs seek records relating
to OMB's decision to halt an initiative previously approved by
OMB for the collection of pay data from employers by the Equal
Employment Opportunity Commission ("EEOC").

     Pending before the Court is OMB's Motion for Summary
Judgment. Upon consideration of the motion, the opposition and
the reply thereto, the applicable law, the entire record, and
for the reasons stated below, OMB's Motion for Summary Judgment
is **DENIED IN PART without prejudice** and **HELD IN ABEYANCE IN
PART**.

## I.   Factual and Procedural Background

The following facts are not in dispute. On September 20, 2017, Plaintiffs submitted five FOIA requests to OMB seeking records regarding the Order of the then-Administrator of OMB's Office of Information and Regulatory Affairs which initiated an indefinite stay and review of the EEOC's collection of pay data through its updated EEO-1 form. Plaintiff's Counter-Statement of Material Facts, ECF No. 29-1 at 1 ¶¶ 1, 2. What remains at issue in this case are 23 documents that OMB withheld in full and 64 documents that OMB produced with redacted information. *Id.* at 1-2 ¶¶ 3. OMB asserted Exemption 5 to the FOIA to withhold these documents. *Id.*

On September 18, 2019, OMB filed a Motion for Summary Judgment. *See* Def.'s Mot. Summ. J. ("Def.'s Mot."), ECF No. 26-1. Plaintiffs filed their opposition brief on October 25, 2019. *See* Pls.' Opp'n, ECF No. 29-1. OMB filed its reply brief on November 8, 2019. *See* Def.'s Reply, ECF No. 30. The motion is ripe and ready for the Court's adjudication.

## II.  Legal Standard

FOIA cases are typically and appropriately decided on motions for summary judgment. *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C 2011) (citations omitted). Summary judgment is warranted "if the movant shows [by affidavit or other admissible

2

evidence] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing a summary judgment motion must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). However, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal quotation marks omitted).

An agency has the burden of demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted). In reviewing a summary judgment motion in the FOIA context, the court must conduct a *de novo* review of the record, *see* 5 U.S.C. § 552(a)(4)(B), but may rely on agency

declarations. *See SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200
(D.C. Cir. 1991). Agency affidavits or declarations that are
"relatively detailed and non-conclusory" are accorded "a
presumption of good faith, which cannot be rebutted by purely
speculative claims about the existence and discoverability of
other documents." *Id.* (internal citation and quotation omitted).
"[T]he Court may award summary judgment solely on the basis of
information provided by the department or agency in declarations
when the declarations describe 'the documents and the
justifications for nondisclosure with reasonably specific
detail, demonstrate that the information withheld logically
falls within the claimed exemption, and are not controverted by
either contrary evidence in the record nor by evidence of agency
bad faith.'" *Military Audit Project v. Casey*, 656 F.2d 724, 738
(D.C. Cir. 1981) (citation omitted).

   **A.   FOIA Exemptions**

   Congress enacted FOIA to "open up the workings of
government to public scrutiny through the disclosure of
government records." *Judicial Watch, Inc.* 375 F. Supp. 3d at 97
(quoting *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984)
(internal quotation marks and alterations omitted)). Although
the legislation is aimed toward "open[ness] . . . of
government," *id.;* Congress acknowledged that "legitimate
governmental and private interests could be harmed by release of

4

certain types of information," *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (internal quotation marks and citations omitted). As such, pursuant to FOIA's nine exemptions, an agency may withhold requested information. 5 U.S.C. § 552(b)(1)-(9). However, because FOIA established a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the exemptions. *See Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996).

The agency bears the burden of justifying any withholding. *See Bigwood v. U.S. Agency for Int'l Dev.*, 484 F.Supp.2d 68, 74 (D.D.C. 2007). "To enable the Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called 'Vaughn index,' sufficiently detailed affidavits or declarations, or both." *Hussain v. U.S. Dep't of Homeland Sec.*, 674 F. Supp. 2d 260, 267 (D.D.C. 2009)(citations omitted). Although there is no set formula for a *Vaughn* index, the agency must "disclos[e] as much information as possible without thwarting the exemption's purpose." *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Judicial Watch,*

*Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013)
(internal quotation marks omitted).

## III. Analysis

OMB argues that it properly invoked Exemption 5 for its
withholdings because the documents withheld in their entirely as
well as the redactions in the documents produced are protected
under the deliberative process privilege. Def.'s Mot., ECF No.
26-1 at 12. The deliberative process privilege falls under
Exemption 5. *See Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C.
Cir. 2008).

### A.   Exemption 5

As the Court of Appeals for the District of Columbia
Circuit ("D.C. Circuit") has explained,

> FOIA Exemption 5 exempts from public
> disclosure "inter-agency or intra-agency
> memorandums or letters which would not be
> available by law to a party other than an
> agency in litigation with the agency." 5
> U.S.C. § 552(b)(5). Exemption 5 incorporates
> the privileges that the Government may claim
> when litigating against a private party,
> including the governmental attorney-client
> and attorney work product privileges, the
> presidential communications privilege, the
> state secrets privilege, and the deliberative
> process privilege. *See Baker & Hostetler LLP
> v. Department of Commerce,* 473 F.3d 312, 321
> (D.C. Cir. 2006).
>
> . . . . This "privilege rests on the obvious
> realization that officials will not
> communicate candidly among themselves if each
> remark is a potential item of discovery and

6

> front page news." *Department of the Interior
> v. Klamath Water Users Protective Association,*
> 532 U.S. 1, 8-9, 121 S. Ct. 1060, 149 L. Ed.
> 2d 87 (2001). The privilege serves to preserve
> the "open and frank discussion" necessary for
> effective agency decisionmaking. *Id.* at 9, 121
> S. Ct. 1060. The privilege protects "documents
> reflecting advisory opinions, recommendations
> and deliberations comprising part of a process
> by which governmental decisions and policies
> are formulated." *NLRB v. Sears, Roebuck & Co.,*
> 421 U.S. 132, 150, 95 S. Ct. 1504, 44 L. Ed.
> 2d 29 (1975) (internal quotation marks
> omitted). As we have stated, officials "should
> be judged by what they decided, not for
> matters they considered before making up their
> minds." *Russell v. Department of the Air
> Force,* 682 F.2d 1045, 1048 (D.C. Cir. 1982)
> (brackets omitted).
>
> To qualify for the deliberative process
> privilege, [the information] must be both pre-
> decisional and deliberative. *See Coastal
> States Gas Corp. v. Department of Energy,* 617
> F.2d 854, 866 (D.C. Cir. 1980). "[The
> information] is 'predecisional' if it
> precedes, in temporal sequence, the 'decision'
> to which it relates." *Senate of the
> Commonwealth of Puerto Rico v. Department of
> Justice,* 823 F.2d 574, 585 (D.C. Cir. 1987);
> *see also Coastal States,* 617 F.2d at 866 (pre-
> decisional documents are "generated *before*
> the adoption of an agency policy"). And [the
> information] is deliberative if it is "a part
> of the agency give-and-take—of the
> deliberative process—by which the decision
> itself is made." *Vaughn v. Rosen,* 523 F.2d
> 1136, 1144 (D.C. Cir. 1975); *see also Coastal
> States,* 617 F.2d at 866.

*Abtew v. U.S. Department of Homeland Sec.*, 808 F.3d 895, 898-99

(D.C. Cir. 2015). The deliberative process privilege is to be

construed "as narrowly as consistent with efficient Government

operation." *United States v. Philip Morris*, 218 F.R.D. 312, 315 (D.D.C. 2003)(quoting *Taxation with Representation Fund v. IRS*, 646 F.2d 666, 667 (D.C. Cir. 1981)). "[W]hen claiming the deliberative process privilege, the agency must, at the very least, explain in its *Vaughn* Indices and/or declarations, for each contested document withheld in part or in full, (1) what deliberative process is involved, (2) the role played by the documents [at] issue in the course of that process, and (3) the nature of the decisionmaking authority vested in the office or person issuing the disputed document[s], and the positions in the chain of command of the parties to the documents." *Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 279 F. Supp. 3d 121, 147 (D.D.C. 2017)(internal quotation marks and citations omitted).

In 2016, Congress passed the FOIA Improvement Act ("FIA"), Pub. L. No. 114-185, 130 Stat. 538, which, relevant to this case, codified the "foreseeable harm" standard established by the Department of Justice in 2009 and used to defend an agency's decision to withhold information. *See* S. Rep. No. 114-4, at 3 & n.8 (2015) (citing Office of Att'y Gen., Memorandum for Heads of Executive Departments and Agencies, Subject: Freedom of Information Act (Mar. 19, 2009) ); S. Rep. No. 114-4, at 7–8. Under the "foreseeable harm" standard, the Department of Justice would "defend an agency's denial of a FOIA request only if (1)

the agency reasonably fores[aw] that disclosure would harm an
interest protected by one of [FOIA's] statutory exemptions, or
(2) disclosure was prohibited by law." U.S. Dep't of Justice,
Guide to the Freedom of Information Act 25 (2009 ed.),
https://www.justice.gov/archive/oip/foia_guide09/procedural-
requirements.pdf (internal quotation marks omitted).

Accordingly, as amended by the FIA, the statutory text now
provides that: "An agency shall ... withhold information under
this section only if ... (I) the agency reasonably foresees that
disclosure would harm an interest protected by [a FOIA]
exemption; or (II) disclosure is prohibited by law[.]" 5 U.S.C.
§ 552(a)(8)(A). Stated differently, "pursuant to the [FIA], an
agency must release a record—even if it falls within a FOIA
exemption—if releasing the record would not reasonably harm an
exemption—protected interest" and if the law does not prohibit
the disclosure. *Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d
62, 72 (D.D.C. 2018) (citation omitted).

To satisfy the foreseeable harm standard, "an agency must
identify specific harms to the relevant protected interests that
it can reasonably foresee would actually ensue from disclosure
of the withheld materials and connect the harms in a meaningful
way to the information withheld." *Ctr. for Investigative
Reporting v. U.S. Customs and Border Prot.* 436 F. Supp. 3d 90,
105 (D.D.C. 2019) (cleaned up). "[G]eneric, across-the-board

articulations of harm that largely repeat statements already found in the *Vaughn Index*," *id.* at 106 (internal quotation marks and citation omitted); and "boilerplate" or "nebulous articulations of harm are insufficient," *Judicial Watch, Inc. v. U.S. Dep't of Justice (Judicial Watch II), No. CV 17-0832 (CKK),* 2019 WL 4644029, at *5 (D.D.C. Sept. 24, 1999). Instead, the agency needs to provide "context or insight into the specific decision-making processes or deliberations at issue, and how they in particular would be harmed by disclosure." *Ctr. for Investigative Reporting*, 436 F. Supp. 3d at 107 (quoting *Judicial Watch II,* 2019 WL 4644029, at *5). In satisfying this burden, "agencies may take a categorial approach and group together like records . . . but when using a categorical approach, an agency must provide more than nearly identical boilerplate statements and generic and nebulous articulations of harm." *Id.* at 106 (internal quotation marks and citations omitted).

The parties do not dispute that the withheld information is predecisional. *See* Pls.' Counter-Statement of Material Facts, ECF No. 29-1 at 3 ¶ 7 (plaintiffs admitting that the information being withheld if predecisional because all of it predates OMB's final decision regarding the EEO-1 form on August 29, 2017). OMB's first declaration of Heather A. Walsh, Deputy General Counsel of OMB, explains why, in OMB's opinion, the  withheld

information is deliberative. *See* Walsh Decl., ECF No 26-3. Ms. Walsh states that the *Vaughn* index attached to her declaration "explains the basis for the[] withholdings . . . on a document-by-document basis." *Id*. at 3 ¶ 5, 4 ¶ 10. Ms. Walsh states, among other things, that "[t]he redacted information reflects confidential discussions and deliberations that informed OMB's internal policy formulation process regarding OMB's final decision on the review of the EEO-1 form. OMB redacted such information from these records to protect frank discussions from being chilled by the effects of public scrutiny of the deliberative process." *Id*. at 5 ¶ 13. However, neither party has briefed the Court on whether Ms. Walsh's affidavit together with the *Vaughn* index satisfies OMB's burden to meet the foreseeable harm standard. *See generally* Def.'s Mot., ECF No. 26-1; Pls.' Opp'n, ECF No. 29; Def.'s Reply, ECF No. 30.

## IV. Conclusion

Accordingly, OMB's Motion for Summary Judgment is **DENIED IN PART without prejudice** as to whether OMB properly invoked the deliberative process privilege; and **HELD IN ABEYANCE IN PART** as to whether OMB released all reasonably segregable information.

The parties shall meet and confer and by no later than December 18, 2020 propose a schedule for an additional round of summary judgment briefing. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**      **Emmet G. Sullivan**
                 **United States District Judge**
                 **November 24, 2020**