UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>    *Defendant*. | Civ. A. No. 18-0645 (EGS) |

**THE PARTIES' JOINT PROPOSED BRIEFING SCHEDULE AND DEFENDANT'S
UNOPPOSED MOTION TO RENEW ITS MOTION SUMMARY JUDGMENT**

The Parties, by and through counsel, respectfully submit this joint proposed schedule for further proceedings in response to this Court's Memorandum Opinion and Order entered on November 24, 2020. The Court's Order denied in part Defendant's motion for summary judgment without prejudice as to whether OMB properly invoked the deliberative process privilege. The Court held in abeyance in part Defendant's motion on the question of whether OMB released all reasonably segregable information. The Court directed the parties to meet and confer and by no later than December 18, 2020, propose a schedule for an additional round of summary judgment briefing.

The Court's decision stated, *inter alia*, that "neither party has briefed the Court on whether [Office of Management and Budget ("OMB") affiant] Ms. Walsh's affidavit together with the *Vaughn* index satisfies OMB's burden to meet the foreseeable harm standard." Mem. Op. at 11. The parties have conferred and believe that the supplemental briefing on Defendant's motion for summary judgment can be streamlined. Rather than file new, full renewed motions

for summary judgment, the parties propose to file supplemental briefs that are confined to the above issue for which the Court requested additional briefing. The parties' proposed order directs the parties to limit their supplemental briefs and any supplemental evidence to the question of whether OMB has satisfied its burden to meet the foreseeable harm standard to properly invoke the deliberative process privilege.

Because the parties do not intend to engage in a full, new round of briefing, Defendant requests that the Court direct the Clerk's Office to renew its earlier motion for summary judgment motion (ECF No. 26), to the extent the earlier motion was denied in part without prejudice, with an effective filing date of December 18, 2020. Defendant's request to renew its earlier motion for summary judgment is unopposed by Plaintiff.

Should OMB decide to supplement the summary judgment record with additional evidence (i.e., a supplemental declaration and/or revised *Vaughn* index),[1] OMB will serve upon Plaintiff any supplemental evidence on or before the date that its opening supplemental brief is due to be filed with the Court. Accordingly, the parties propose the following briefing schedule:

1. Defendant shall file a supplemental brief, along with any supplemental evidence that Defendant may wish to provide, by January 27, 2021;
2. Plaintiff shall file a response by February 17, 2021;
3. Defendant may file a reply by March 3, 2021.

---

[1] At present, OMB has not yet determined whether it intends to supplement the summary judgment record in light of the Court's previous decision, or whether the supplemental brief will be confined to addressing only evidence that is already part of the summary judgment record from the parties' first round of briefing.

Therefore, the parties respectfully request that the Court adopt and enter the parties' proposed briefing schedule. Defendant further requests that the Court direct the Clerk to renew its first motion for summary judgment, to the extent the first motion was denied in part without prejudice. A proposed order is attached.

| | |
|---|---|
| Dated:  December 18, 2020 | Respectfully submitted, |
|  /s/ Colin Wicker<br>Daniel Goldberger (admitted in the State of New York, admitted pro hac vice)<br>goldberger.dan@dorsey.com<br>Colin Wicker (admitted in the State of Minnesota, admitted pro hac vice)<br>wicker.colin@dorsey.com<br>Sam Bolstad (admitted in the State of Minnesota, admitted pro hac vice)<br>bolstad.sam@dorsey.com<br><br>Dorsey & Whitney LLP<br>51 West 52nd Street<br>New York, NY 10019-6119<br>(212) 415-9200<br><br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>(612) 340-2600<br><br>Emily J. Martin (DC Bar No. 481051)<br>emartin@nwlc.org<br>Maya Raghu (DC Bar No. 1035558)<br>mraghu@nwlc.org<br><br>National Women's Law Center<br>11 Dupont Circle, NW, Suite 800<br>Washington, DC 20036<br>(202) 588-5180<br><br>Jon Greenbaum (D.C. Bar No. 489887)<br>Dariely Rodriguez (D.C. Bar application pending)<br>Lawyers' Committee for Civil Rights Under Law<br>1401 New York Avenue NW, Suite 400<br>Washington, D.C. 20005<br>(202) 662-8600<br><br>*Plaintiffs' Counsel* | MICHAEL R. SHERWIN<br>Acting United States Attorney<br><br>DANIEL F. VAN HORN<br>D.C. Bar 924092<br>Chief, Civil Division<br><br>By: */s/ Daniel P. Schaefer*<br>DANIEL P. SCHAEFER<br>D.C. Bar 996871<br><br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Tel: (202) 252-2531<br>E-mail: Daniel.Schaefer@usdoj.gov<br><br>*Defendant's Counsel* |