UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER,<br><br>              Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>              Defendant. | CASE NUMBER 18-0645 (EGS) |

## PLAINTIFFS' SUPPLEMENTAL BRIEF

Plaintiffs the Lawyers' Committee for Civil Rights and the National Women's Law Center ("Plaintiffs") submit this supplemental brief in opposition to the motion for summary judgment made by the Office of Management and Budget ("OMB," "Defendant," or the "Agency"). This is a Freedom of Information Act ("FOIA") case arising out of a request for records regarding a decision made by OMB pursuant to the Paperwork Reduction Act, 44 U.S.C. §§ 3501-3521, to halt the Equal Employment Opportunity Commission's collection from employers of certain pay data.

In the Memorandum Opinion accompanying the Court's Order in response to the parties' prior round of briefing, Mem. Op., Nov. 24, 2020 at 11 (ECF No. 32), the Court indicated that additional briefing was necessary because neither party had addressed the question of whether the declaration and *Vaughn* index submitted with OMB's motion for summary judgment satisfied the "foreseeable harm" standard established by Congress in the FOIA Improvement Act of 2016 ("FIA"), Pub. L. No. 114-185, § 2, 130 Stat. 538. The declarations submitted by the Agency, including the additional declaration submitted with its supplemental brief, do not satisfy the "heightened standard" established by the FIA, *see Judicial Watch, Inc. v. U.S. Dep't of*

*Commerce (Judicial Watch I)*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019), and, notably, do not demonstrate that there is no segregable information that can be released under the foreseeable harm standard.

I.  **The Foreseeable Harm Standard**

Pursuant to the FIA, FOIA as amended provides that an agency "shall" only withhold information if (1) "it reasonably foresees that disclosure would harm an interest protected by an exemption" or (2) "disclosure is prohibited by law."  5 U.S.C. § 552(a)(8)(A)(i).  Consequently, agencies are not allowed to withhold requested documents (or portions thereof) even if those documents fit within one of the five traditional FOIA exemptions unless either the foreseeable harm standard is satisfied or there is a law prohibiting such disclosure.  In adding this standard to FOIA, Congress sought to establish a "presumption of openness" in FOIA.  H.R. Rep. No. 114-391, at 9 (2016); S. Rep. No. 114-4, at 3, 7-8 (2015).

District courts in this circuit have recognized that FIA established a heightened standard for agencies seeking to justify withholdings.  *Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 100, 106 (D.D.C. 2019); *Judicial Watch I,* 375 F. Supp. 3d at 100; *Ctr. for Pub. Integrity v. U.S. Dep't of Defense*, No. 19-3265(CKK), 2020 U.S. Dist. LEXIS 157019, at *28-29 (D.D.C. Aug. 28, 2020); *Reporters Comm. for Freedom of the Press v. FBI*, No. 15-1392 (RJL), 2020 U.S. Dist. LEXIS 48925, at *25 (D.D.C. Mar. 20, 2020); *see also NRDC v. EPA*, No. 17-CV-5928, 2019 U.S. Dist. LEXIS 124353, at *2-3 (S.D.N.Y. July 25, 2019) (foreseeable harm requirement imposes an "independent and meaningful" burden for agencies).  To satisfy that heightened standard and overcome the presumption of openness, the Agency must identify specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials and connect the harms in a meaningful way to the information withheld.  *Ctr. for Investigative Reporting*, 436 F. Supp. 3d

2
4842-1443-7343\1

at 106 (quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice (Judicial Watch II)*, No. 17-0832 (CKK), 2019 U.S. Dist. LEXIS 163473 (D.D.C. Sep. 24, 2019)).

In seeking to satisfy the heightened standard, agencies are not required to explain withholding decisions on a document-by-document basis; instead, they can take a "categorical approach" and group together similar records. *Rosenberg v. United States Dep't of Defense*, 342 F. Supp. 3d 62, 78 (D.D.C. 2018). However, in using such an approach, the government must provide more than "boilerplate statements" and "nebulous articulations of harm." *See Judicial Watch II*, 2019 U.S. Dist. LEXIS 163473, at *13. For documents withheld on the basis of assertions of the deliberative process privilege, this means that rationales for withholdings should be tied to the specific decision-making processes in question and how those processes would be harmed by disclosure. *Id.* at *14.

OMB has failed to satisfy the requirements of the "heightened standard" established by Congress through the FIA. Although it has divided the documents into three broad categories and provided nominal justifications for withholding those materials, the provided justifications do not satisfy the requirements of the FIA, particularly with regard to the issue of segregable information.

II. **OMB Reasons for Withholding Information Do Not Satisfy the Heightened Standard Established by Congress in the FIA**

Along with its supplementary brief, OMB filed a Third Declaration from the Agency's Deputy General Counsel, Heather V. Walsh. ECF No. 36-1. In the Third Walsh Declaration, Ms. Walsh claimed that two types of harm are foreseeable if the documents at issue are released. First, she asserted that release of the documents would seriously weaken OMB's decision-making process by diminishing the level of candor that OMB and other agency staff exhibit when participating in decisions. ECF No. 36-1 at ¶¶ 6-16. Second, she asserted that release of

some of the withheld material would create public confusion. ECF No. 36-1 at ¶¶ 17-19. Plaintiffs agree as a general matter that those are both types of harms which the deliberative process privilege is meant to prevent. However, OMB has not shown that the specific documents at issue must be withheld to reasonably prevent such harms.

In her discussion of the potential harm to candid decision-making, Ms. Walsh divides OMB's decision into three phases and lists categories of documents within each phase that she contends should be withheld in full to promote candid decision-making. However, although the declaration does group the documents into several categories, the justifications set forth for those groups reveal that the Agency cannot meet the requirements imposed by the FIA.

In describing the first phase, which involves the initial decision as to whether to consider a review-and-stay memorandum under the Paperwork Reduction Act, Ms. Walsh notes that such decisions are "frequent" as one reason to withhold information concerning that phase. ECF No. 36-1 at ¶ 8. Likewise, in discussing the second phase Ms. Walsh claims that documents involving discussions with other agencies should be withheld because OMB frequently communicates with other executive branch agencies in carrying out its functions. ECF No. 36-1 at ¶¶ 11-14. Finally, Ms. Walsh contends that information from the drafting process, the third phase, should be withheld because disclosure would diminish the candor that drafters would provide in their comments. ECF No. 36-1 at ¶¶ 15-16.

The weakness of these justifications is that they sweep too broadly. Their application to this matter reveals that OMB is applying not a presumption of openness, but instead a presumption of secrecy. If all substantive content regarding decision-making, inter-agency cooperation, and final decisions is to be withheld from FOIA requesters than all that is left will be documents submitted by persons outside the government and substance-less documents, such

as those listing the times and locations of meetings, which are the types of documents OMB has produced to Plaintiffs. OMB's position, which would prevent any meaningful disclosures, is inconsistent with the aims of both FOIA and the FIA.

Although the Third Walsh Declaration contains categories of documents and the language justifying the withholding of such documents is more than a crude cut-and-paste job, it is nonetheless a blanket refusal to genuinely engage in the exercise of determining whether particular material can be released without harm. OMB is apparently taking the position that no substantive information regarding its decisions, including the numerous decisions made under the paperwork reduction act, its voluminous communications with other agencies, and the final decisions it makes in many areas, can *ever* be released. In effect, it is treating the FIA as a Congressional mandate for more detailed agency declarations, not a direction that agencies actually provide more records in response to FOIA requests.

OMB's arguments with regard to potential public confusion further demonstrate the Agency's failure to comply with the Congressional mandate. The Agency claims that the public would be confused by seeing comments and edits, including arguments for and against the inclusion of various texts. To the contrary, rather than causing confusion, such disclosures would do the opposite: they would provide insight into how the Agency made a decision, which would clear up confusion, to the extent any exists. The Agency also claims that the public might confuse certain draft documents with the final version because they do not contain a draft stamp or other indicia that they are non-final. Obviously, such a concern would not apply if any such documents were produced in redacted form. In addition, the Agency could presumably prevent such harm by adding a label as part of its production process. Such an action would be more consistent with a presumption of openness than the decision to completely withhold a document.

5

In addition, as discussed in Plaintiffs' earlier brief, OMB has a duty under FOIA to release reasonably segregable information and provide justification if it is claiming that there is no such segregable information. *See* Pls' Memo. in Opp. to Def's Motion for SJ, October 25, 2019, ECF No. 29 ("Pls' SJ Memo") at 14-18; 5 U.S.C. § 552(a)(8)(A)(ii). The earlier declarations from Ms. Walsh did not sufficiently justify the Agency's claim that there was no reasonably segregable information, despite the fact-intensive nature of decisions made under the Paperwork Reduction Act, and that remains true even after this additional declaration, which does not address segregability. OMB has not satisfied the "heightened standard" or even, apparently, attempted to apply it to the question of whether segregable information could be released without causing foreseeable harm. In particular, it has not shown that it cannot redact the documents discussed in the Walsh declaration and listed on the *Vaughn* index such that some information can be released without foreseeably harming the interests protected by the deliberative process privilege. Evidently, Defendant is taking the position that ***all*** the information contained in the documents in question must be withheld to avoid the alleged harms of chilling candid and frank discussions and creating public confusion.

The Agency's position is particularly inappropriate in the context of a decision made pursuant to the Paperwork Reduction Act, which necessarily involves the collection and consideration of specific types of facts related to the potential burden of a regulatory requirement. *See* Pls' SJ Memo at 16-17. OMB has not shown that the public will be confused or officials will be reluctant to provide candid advice if the agency releases the factual portions of its pre-decisional documents, which must be present given the nature of the decision. It just says so—without any evidence. The public will not confuse redacted draft documents with final versions of OMB documents (the redactions will make the difference obvious), nor will officials

be dissuaded from providing candid opinions if redacted documents are released showing that their agency gathered those facts it was required to under the applicable federal rules.

## III. Conclusion

For the reasons stated above and in Plaintiffs' earlier brief, Plaintiffs respectfully request that the Court deny OMB's motion for summary judgment and review documents *in camera* as previously requested by Plaintiffs. OMB has not satisfied the heightened standard imposed on it by Congress in the FIA. Although the Agency has generally described the potential harms that can arise from the release of such pre-decisional documents, it has not shown (or even attempted to do so) that such harm is likely to result from the release of all the information being withheld. The documents in question should include recitations and descriptions of the facts by the Agency that can be released without harm.

Dated: March 10, 2021

Respectfully submitted,

/s/ Colin Wicker
Emily J. Martin (DC Bar No. 481051)
emartin@nwlc.org
Maya Raghu (DC Bar No. 1035558)
mraghu@nwlc.org

National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
(202) 588-5180

Daniel Goldberger (admitted pro hac vice)
goldberger.dan@dorsey.com
Colin Wicker (admitted pro hac vice)
wicker.colin@dorsey.com

Dorsey & Whitney LLP

51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Jon Greenbaum (D.C. Bar No. 489887)

Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue NW, Suite 400
Washington, D.C. 20005
(202) 662-8600

Attorneys for Plaintiffs the Lawyers' Committee for Civil Rights Under Law and the National Women's Law Center