UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| LAWYERS' COMMITTEE FOR CIVIL RIGHTS and NATIONAL WOMEN'S LAW CENTER,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br><br>    *Defendant*. | Civ. A. No. 18-0645 (EGS) |

## REPLY IN SUPPORT OF DEFENDANT'S SUPPLEMENTAL BRIEF

Plaintiffs fail to create a genuine fact dispute on the question of whether Defendant Office of Management and Budget ("Agency" or "OMB") has justified its withholdings under Exemption 5 of the Freedom of Information Act ("FOIA") by showing reasonably foreseeable harm to its deliberative process.

Whether or not characterized as a "heightened standard," there is no dispute in this case that under Section 2 of the FOIA Improvement Act an agency may withhold information under a specified FOIA exemption (including Exemption 5) "'only if the agency reasonably foresees that disclosure would harm an interest protected by' a discretionary exemption or if 'disclosure is prohibited by law.'" *Ctr. for Pub. Integrity v. Dep't of Def.*, 486 F. Supp. 3d 317, 335 (D.D.C. 2020) (quoting FOIA Improvement Act § 2 (codified at 5 U.S.C. § 552(a)(8)(A)(i))); *see also* Def.'s Suppl. Br. 2 (ECF No. 36); Pls.' Suppl. Br. 2-3 (ECF No. 37). The only issue the Court must decide here is whether the Agency's evidence satisfies the foreseeable harm standard.

Plaintiffs' principal response is that the Agency's evidence in this case—the Third Walsh Declaration—is insufficient to satisfy the foreseeable harm standard. But Plaintiffs' argument

lacks legal support and instead rests on a pure policy assertion. Plaintiffs' alternative response, about segregability, is beyond the scope of supplemental briefing.

### A. Plaintiffs' Cited Authorities Support OMB's Position.

Although Plaintiffs cite six cases, ostensibly in support of the proposition that the Agency's evidence in this case is insufficient to satisfy the foreseeable harm standard, none of those cases supports their argument. To the contrary, the holdings in those cases support a finding that the Agency's evidence is sufficient.

In *Center for Public Integrity*, this Court held that both agencies with withholdings under judicial review (one of which was OMB) satisfied the requirements of the FOIA Improvement Act. 486 F. Supp. 3d at 337, 340. As in this case, OMB categorized its withholdings and explained the harms to its decision-making process that would result from disclosure of each category of withholdings. *Id.* at 337. The Court's decision detailed the harms that OMB's declarant (who is the same declarant as in this case) articulated for eleven categories of deliberations that the Agency sought to withhold in that case. *Id.* at 337-40. OMB's declarant explained how disclosure of the materials would expose the decision-making processes at issue in that case and chill the honest and free exchange of analysis and recommendations among the employees involved. *Id.* OMB explained how disclosure would risk public confusion because the deliberations included discussions of talking points and drafts that were not finalized or implemented. *Id.* After reviewing OMB's declaration, the Court "found that the OMB ha[d] categorized the withholdings under Exemption 5 and ha[d] explained the particular harm that would be caused by the release of the information in each category." *Id.* at 340. "OMB did not present 'generic, across-the-board articulations of harm . . . as to a broad range of document types.'" *Id.* (citation omitted). Instead, OMB described "the content of each category of withholdings" and "explained how the release of the information would harm the decision-

2

making process of the agency." *Id.* Likewise here, OMB has sufficiently described, for each of the three phases of its deliberative process that include contested withholdings, how release of the deliberations would harm the specific decision-making processes at issue.

In *Reporters Committee for Freedom of the Press v. FBI*, Civ. A. No. CV 15-1392 (RJL), 2020 WL 1324397, at *8 (D.D.C. Mar. 20, 2020), a second case cited by Plaintiffs, the Court similarly concluded that the agency had properly withheld deliberative communications. The Court observed, "[t]hough our Circuit Court has not yet weighed in on this new requirement, my colleagues agree that agencies must at least 'group together like records' and 'explain the foreseeable harm of disclosure for each category.'" *Id.* at *4 (citation omitted). In that case, the agency established that the harm that it anticipated from disclosure (the chilling of candid discussions and resulting harm to the quality of the agency's decisions) was foreseeable and one that Exemption 5 was designed to protect against. *Id.* at *7. Likewise here, OMB's evidence sufficiently explains the foreseeable harm of disclosure for each category of records described in OMB's supplemental declaration.

Plaintiffs also cite four other cases in which this Court denied summary judgment to agencies because their declarations included mere boiler plate language and failed to link the asserted harms to the documents under review. *See Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 100, 106 (D.D.C. 2019) (rejecting claim of foreseeable harm that would result from disclosure of records that consisted only of general explanations and boiler plate language); *Jud. Watch, Inc. v. Dep't of Com.*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019) (declarations and index contained boiler plate language, but there was no explanation as to *why* disclosure was likely to discourage frank and open dialogue as to the specific withholdings or categories of withholdings); *Jud. Watch, Inc. v. Dep't of Just.*, Civ. A.

3

No. 17-0832 (CKK), 2019 WL 4644029, at *4 (D.D.C. Sept. 24, 2019) (similar); *Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 78 (D.D.C. 2018) (agency "may take a categorical approach—that is, group together like records—but in that case it must explain the foreseeable harm of disclosure for each category"). But here, Plaintiffs effectively concede that the Agency's declarations do not suffer from this deficiency. *See* Pls.' Opp. at 5. Plaintiffs' discussion of the detailed factual statements in the Third Walsh Declaration only serve to demonstrate that the Agency has sufficiency explained why harm is reasonably foreseeable if it is compelled to release the specific categories of information it withheld.

Thus, the only cases Plaintiffs cite in fact support a finding that OMB's declarations and *Vaughn* index contain sufficient information for the Court to determine that the redacted information was properly withheld.

### B. Plaintiffs Rely on a Pure Policy Argument.

Lacking any legal authority, Plaintiffs' only other response to the Third Walsh Declaration is a policy argument, not a legal one. In fact, Plaintiffs' statements and concessions all but admit that the Third Walsh Declaration is sufficient to satisfy the foreseeable harm standard (even under their characterization of that standard).

*First*, as Plaintiffs summarize, the Third Walsh Declaration claims that two types of harm are foreseeable if the documents at issue are released: (1) release would "seriously weaken OMB's decisionmaking process by diminishing the level of candor that OMB and other agency staff exhibit when participating in decisions" and (2) "release of some of the withheld material would create public confusion." Pls.' Suppl. Br. at 3. "Plaintiffs agree as a general matter that those are both types of harms which the deliberative process privilege is meant to prevent." *Id.* at 4.

4

*Second*, Plaintiffs contend that "rationales for withholdings should be tied to the specific decision-making processes in question," *id.* at 3, and then admit that the Third Walsh Declaration "divides OMB's decision into three phases and lists categories of documents within each phase," *id.* at 4.

*Third*, Plaintiffs contend that the Agency must explain "how those [specific decision-making] processes would be harmed by disclosure," *id.* at 3, but then do not dispute the substance of the Third Walsh Declaration's explanation for why, for each process, the document "should be withheld in full to promote candid decision-making," *id.* at 4.

Despite that they essentially concede that the Third Walsh Declaration is sufficient to satisfy even their own characterization of the foreseeable harm standard, Plaintiffs still protest that OMB's redactions violate the principles of open government because they "sweep too broadly." Pls.' Suppl. Br. at 4. The Court should reject Plaintiff's unsupported policy arguments. *See id.* at 4-5. As even Plaintiffs' cases confirm, when, as here, the Agency has properly explained, with a reasonable amount of detail, "the specific reasonably foreseeable harms that would result from disclosure of certain documents or categories of documents" that it has withheld, this does not violate the FOIA Improvement Act's "presumption of openness." *See, e.g.*, *Center for Public Integrity*, 486 F. Supp. 3d at 334-35. The Agency's evidence fully satisfies the requirements of FOIA and the FOIA Improvement Act.[1] In addition, the well-

---

[1] The implicit premise of Plaintiffs' argument—that the FOIA Improvement Act effects a substantive narrowing of the FOIA exemptions, Pls.' Suppl. Br. at 5—is entirely unsupported. Congress could have adjusted the substantive reach of the privileges in any number of ways, but chose not to. Instead, Congress chose to codify the Department of Justice's periodic policy represented in the 2009 Holder Memorandum. When in force, that policy effectively imposed an internal *procedural* check on an agency's privilege claims, requiring articulable harm before the Department of Justice would defend the withholdings. The FOIA Improvement Act thus seeks to improve governmental transparency by imposing a procedural requirement on agencies to

established limitations of the deliberative process privilege prevent an agency from over-redacting information, such as purely factual material, that does not meet the required elements of the privilege. Indeed, OMB has disclosed hundreds of pages of agency records in response to the request in this matter that contain numerous examples of the types of information reporting and explanation of deliberations that are not covered by the deliberative process privilege.

From another policy perspective, Plaintiffs argue that it would be more beneficial and lead to less confusion if OMB were to release drafts containing arguments about suggested edits of what would become OMB's review and stay memorandum, by "providing insight into how the Agency made a decision." Pls.' Suppl. Br. at 5 (ECF No. 37). Referring to the Third Walsh Declaration's statement that release of these draft documents "would be likely to create incorrect impressions in the public about the intentions behind this record," (Def.'s Suppl. Br. at 7 (ECF No. 36)), Plaintiffs ignore the harmful effects of disclosing suggested changes that were not included in, or arguments that were not relied upon as the reasoning for, the Agency's ultimate decision. The risk of public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action is consistently among the primary policy purposes that Courts in this Circuit routinely hold constitute proper grounds for asserting the deliberative process privilege. *See, e.g.*, *Russell v. Dep't of Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982); *Judicial Watch, Inc. v. Dep't of State*, 306 F. Supp. 3d 97, 109 (D.D.C. 2018); *Urban Air Initiative, Inc. v. EPA*, 271 F. Supp. 3d 241, 261 (D.D.C. 2017).

---

provide detailed explanations of their withholdings, which, as explained, the Agency has done here.

### C. Segregability Is Out of Scope of This Supplemental Briefing

Additionally, Plaintiffs argue that OMB's earlier declarations failed to sufficiently justify the Agency's claim that there was not reasonably segregable information. Pls.' Suppl. Br. at 6-7. The Court should not consider this argument as it violates the parties' agreement and the Court's scheduling order that limited the supplemental briefing to the question of whether the Agency's evidence satisfies the foreseeable harm standard. In its last decision, the Court held in abeyance in part the question of whether OMB released all reasonably segregable information. *See* Mem. Op. at 11 (ECF No. 32). The Court did not request supplemental briefing on this question. *Id.*

The parties' joint proposed briefing schedule filed with this Court on December 18, 2020, reflects the parties' agreement to confine their respective arguments to the specific issue for which the Court requested supplemental briefing, namely, whether the Agency's evidence satisfies its burden to meet the foreseeable harm standard. ECF No. 33 at 2. The Court's Minute Order dated December 30, 2020, adopted that aspect of the parties' joint proposal. The Court ordered supplemental briefing "addressing the foreseeable harm standard." Therefore, to the extent that the Court's next decision addresses the issue of segregability, the Court's analysis should be confined to the summary judgment record that preceded the parties' supplemental briefing addressing the foreseeable harm standard. Pages 9 to 10 of the Memorandum of Points and Authorities filed with Defendant's Motion (ECF No. 26-1) and Paragraphs 19 to 20 of the First Walsh Declaration (ECF No. 26-3) explain the specific grounds for the Agency's determination that all nonexempt segregable information has been released.

Dated: March 24, 2021						Respectfully submitted,

							CHANNING D. PHILLIPS
							D.C. Bar #415793
							Acting United States Attorney

							BRIAN P. HUDAK
							Acting Chief, Civil Division

					By:	 /s/ Daniel P. Schaefer
							DANIEL P. SCHAEFER
							D.C. Bar 996871
							Assistant United States Attorney
							555 4th Street, N.W.
							Washington, D.C. 20530
							(202) 252-2531
							Daniel.Schaefer@usdoj.gov

							*Counsel for Defendant*